Filed 4/19/13  Tompkins v. Marin County Community Development Agency CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PATRICIA A. TOMPKINS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MARIN COUNTY COMMUNITY DEVELOPMENT AGENCY,<br><br>Defendant and Respondent. | A135011<br><br>(Marin County<br>Super. Ct. No. CIV1101793) |

After an administrative law judge found appellant Patricia A. Tompkins to have committed multiple violations of Marin County's planning code, she was ordered to abate the underlying nuisances, pay a $20,000 fine and reimburse the county for abatement costs of more than $12,000.  She petitioned the trial court for a writ of administrative mandate, but the administrative ruling was upheld and judgment was issued in favor of respondent Marin County Community Development Agency.  Tompkins appeals, challenging the trial court's determination on various grounds.  We affirm the judgment.

## I.  FACTS[1]

In 1983, petitioner Patricia A. Tompkins purchased a residence on Castro Street in unincorporated West Marin County.  In 2001, she was involved in a code enforcement matter with respondent Marin County Community Development Agency relating to an

---

[1] We were not assisted in our determination of this matter by the failure of both parties to cite to the record on appeal and the administrative record in their briefs.  (See Cal. Rules of Court, rule 8.204(a)(1)(C).)

1

illegal second living unit at this site. Tompkins removed the second unit, resolving this matter. A year earlier, she entered into a stipulated judgment with the agency to correct code violations—including two illegal living units—and to pay enforcement costs and civil penalties related to a nearby property.

Tompkins made a series of improvements to the Castro Street property after multiple incidents of flooding. All of the improvements were made without county building and creek permits. She constructed or altered a detached accessory structure larger than that exempted from permit review by the county code; she constructed solid perimeter fences taller than allowed without a permit; and constructed a retaining wall in a creek bed that contained protected fish habitat. (Marin County Code, §§ 11.08.050 [creek permit requirement for retaining wall], 11.08.060 [application for creek permit], 11.08.070 [retaining wall built without permit as public nuisance], 19.040.010 [adoption of county building codes], 19.040.060 [work exempt from building permit requirement], 22.20.050 [fencing and screening standards], 22.20.090 [setback requirements and exceptions], 24.04.560 [drainage setbacks].)

In February 2007, the agency received a complaint about Tompkins's construction. Days later, a notice of violation was posted and she was ordered to stop work until she obtained permits. Repeated communications between Tompkins and the agency advised her of the nature of the violations, the need for permits and corrective actions, and the requirements for taking these steps.

The agency instituted nuisance abatement proceedings in November 2010. In March 2011, after a hearing, an administrative law judge (ALJ) found that Tompkins had violated multiple county codes. It ordered her to abate the unpermitted structure, fence, and retaining wall. It awarded the agency civil penalties of $20,000. The ALJ ordered Tompkins to pay the agency $12,779.07 for reasonable enforcement and hearing costs, including the cost of the ALJ's review and decision.

In April 2011, Tompkins petitioned for a writ of administrative mandate, challenging the ALJ's ruling. (Code Civ. Proc., § 1094.5; Pub. Res. Code, § 21168.) She asserted that her structures were prior nonconforming uses, that the agency was estopped

from enforcing some of the code provisions, and that compliance with code requirements was not required because she undertook emergency measures to protect her property from flooding. The agency filed an answer in October 2011.

In February 2012, the trial court issued a tentative ruling denying the petition on substantive and procedural grounds.[2] Tompkins objected to the trial court's authority to issue a tentative ruling in an administrative mandate proceeding, arguing that a trial and de novo review was required. In March 2012, an order adopting that tentative ruling was entered and judgment was issued denying the petition. That judgment sustained the ALJ's ruling, including abatement and $32,779.07 in costs and civil penalties.

## II. TRIAL COURT JURISDICTION

A. *Standard of Review in Trial Court*

Tompkins' primary contention is that the trial court lacked jurisdiction to deny the petition for administrative mandate because it did not conduct a de novo review of the ALJ's decision. This standard of review is required—she asserts—because the ALJ's ruling affected her vested rights in real property. The trial court applied the substantial evidence test when it upheld the ALJ determination.

Tompkins claims that the ALJ's determination affected her vested rights. If an agency decision substantially affects a fundamental vested right, then the trial court reviewing a petition for administrative mandate must exercise its independent judgment about the evidence before that agency. The trial court must find an abuse of discretion by the agency if the agency's findings are not supported by the weight of the evidence, as determined by the trial court on de novo review. If no vested right is implicated, the trial court's inquiry is limited to a determination of whether the agency's findings are supported by substantial evidence. (*Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44-45; see Code Civ. Proc., § 1094.5, subd. (c);

_____

[2] The trial court rejected the petition because Tompkins failed to obtain required permits, because her briefs failed to cite facts and legal authorities to support her claimed defenses, and because it rejected her claim that a moratorium on building permits was in effect at critical times.

see also *William S. Hart Union High School Dist. v. Regional Planning Com.* (1991) 226 Cal.App.3d 1612, 1625, fn. 13.)

In the case before us, no vested rights were affected. The abatement aspect of the ALJ's decision did not implicate a vested right. Until the property owner obtains all necessary permits, there is no vested right to develop real property. (See *People v. County of Kern* (1974) 39 Cal.App.3d 830, 837-839.) The assessment of a fine and costs do not implicate any fundamental vested right. (*Patterson Flying Service v. Department of Pesticide Regulation* (2008) 161 Cal.App.4th 411, 418, & fn. 1.) Thus, the trial court properly applied the substantial evidence rule.

B. *Sufficiency of Evidence*

1. *Standard of Review on Appeal*

As no vested right is involved, our analysis of the trial court's ruling on Tompkins's petition for administrative mandate must determine from a review of the administrative record whether substantial evidence supports the agency's findings. The substantial evidence standard of review requires us to defer to the ALJ's findings and to presume the correctness of its ruling. (*Patterson Flying Service v. Department of Pesticide Regulation, supra,* 161 Cal.App.4th at pp. 418-419; *Young v. Gannon* (2002) 97 Cal.App.4th 209, 224-225.) We view the evidence in the light most favorable to the judgment, resolving all conflicts in the evidence and drawing all inferences in support of the judgment. (*Id.* at p. 225.) We presume that the ALJ regularly performed its duty. As the party challenging the decision, Tompkins has the burden of proving that the ALJ's determination was not supported by substantial evidence. (See *ibid.*)

2. *Specific Issues Raised*

a. *Bias*

Tompkins raises a series of challenges to the ALJ ruling. First, she contends that the fact that the costs assessed against her will be used to pay the ALJ raises an improper appearance of bias. We find no error, for two reasons. First, the record on appeal contains no evidence that she raised this issue before the ALJ or in the trial court after the tentative decision was announced. In such circumstances, any claim of error is waived.

4

(See *Horn v. Atchison T. & S. F. Ry. Co.* (1964) 61 Cal.2d 602, 610; *North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28-29; see also *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

Even if we addressed the merits of this claim of error, we would reject it. An administrative hearing officer has a pecuniary interest requiring disqualification when a governmental body selects and pays the hearing officer whose income from future adjudicative work depends entirely on the goodwill of the administrative body. (See *Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017, 1024.) If a financial interest in the outcome of a case would offer a possible temptation to an average hearing officer, then due process requires disqualification. (See *id.* at pp. 1025-1026, 1029-1030, 1034; see *Yaqub v. Salinas Valley Memorial Healthcare System* (2004) 122 Cal.App.4th 474, 485.)

The payment system in the case before us does not violate due process. The agency paid the cost of conducting the ALJ hearing. It pays this cost regardless of the outcome of that hearing. In an action for nuisance abatement, the owner of the property is liable for all abatement costs if a nuisance is found to exist. (Gov. Code, § 25845, subd. (b).) Tompkins was compelled to reimburse the agency for its ALJ fee only because she did not prevail at the nuisance abatement hearing. To assess costs against Tompkins—including the ALJ's fee—under these circumstances does not constitute bias or the appearance of bias.

### b. *Due Process*

Next, Tompkins contends that the general wording of the county planning code provisions requiring her to comply with the California Building Code did not give her due process notice of the prohibited actions. (See Marin County Code, §§ 19.04.010 [adoption of codes], 19.04.029 [penalties for violation of codes].) The trial court found substantial evidence to support the ALJ's ruling, impliedly agreeing that the agency provided sufficient notice to Tompkins of the code violations and the administrative law hearing.

Again we reject this claim of error on both procedural and substantive grounds. As there is no evidence in the record on appeal that she raised this issue before the ALJ or challenged the trial court's tentative decision on this ground, Tompkins has waived this claim of error on appeal. (See *Horn v. Atchison T. & S. F. Ry. Co., supra*, 61 Cal.2d at p. 610; *North Coast Business Park v. Nielsen Construction Co., supra,* 17 Cal.App.4th at pp. 28-29; see also *In re Marriage of Arceneaux, supra,* 51 Cal.3d at p. 1133.) If we could overcome this procedural defect, we would find that the administrative record contains substantial evidence that the agency provided notice to Tompkins of the code violations and the administrative hearing.

### c. *Criminal Sanctions*

Tompkins also contends that criminal sanctions were improperly imposed for her planning code violations. Again, she waived the right to raise this issue on appeal because she did not raise it in the trial court. (See *Horn v. Atchison T. & S. F. Ry. Co., supra*, 61 Cal.2d at p. 610; *North Coast Business Park v. Nielsen Construction Co., supra,* 17 Cal.App.4th at pp. 28-29; see also *In re Marriage of Arceneaux, supra,* 51 Cal.3d at p. 1133.) On the merits of her argument, Tompkins is incorrect. The $20,000 fine imposed by the ALJ and upheld by the trial court was a *civil* penalty.

### d. *Reasonableness*

Tompkins also asserts that the ALJ's ruling was unreasonable, but she makes no legal argument and cites no authority in support of this assertion. We deem this contention to be waived. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 701, pp. 769-771.)

### e. *Fines*

Finally, Tompkins challenges the fines imposed by the ALJ, as the property may be lost to her in foreclosure. In her October 2012 brief, Tompkins asserts that the Castro Street property is in foreclosure, but that the foreclosure may be challenged. However, no evidence has been given to this court of any foreclosure proceedings. As she has not

established the underlying factual assumption of her claim of error, we will not address it.[3]

The judgment denying the petition for writ of administrative mandate is affirmed.

_____
REARDON, J.

We concur:


_____
RUVOLO, P. J.


_____
RIVERA, J.

---

[3] Tompkins asserts that foreclosure of the Castro Street property is pending. For this reason, she challenges only the fine and fees required by the ALJ—not the abatement order—at this time. She also states that the foreclosure may be challenged and if that challenge is successful, she intends to return to this court to appeal the abatement requirement. She may not do so, as any subsequent appeal from the judgment of the trial court would be untimely. (See Cal. Rules of Court, rule 8.104(a).) Tompkins also appears to assert that this court has no jurisdiction to resolve this appeal, because of the foreclosure of the underlying property. As she has provided us with no evidence to support her assertion that foreclosure is imminent or has occurred, we see no impediment to our authority to determine the issues before us.