Filed 4/30/13  Marriage of Perez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of JUANITA and FRANCISCO E. PEREZ. | D0061501 |
| JUANITA PEREZ, | |
| Appellant, | (Super. Ct. No. D S43227) |
| v. | |
| FRANCISCO E. PEREZ, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Juanita Perez, appearing in propria persona, appeals a judgment dissolving her marriage to Francisco E. Perez.  She contends the family court erred when it ordered her to pay one-half of the community debts.  Juanita failed to present a sufficient record to show that the family court erred.  Accordingly, we must affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, Juanita petitioned for a dissolution of marriage. The parties were married for about 16 years before they separated and they have two children. Among other things, Juanita asked the court to determine property rights for the parties.

In a minute order dated July 2011, the family court dissolved the marriage, granted primary physical custody of the children to Francisco and allowed Juanita reasonable visitation. The court indicated that it considered the Family Code section 4320 factors, but reserved on the issues of child and spousal support. Among other things, it found that the debts with Washington Mutual, Wells Fargo, the telephone company, Union Bank and a 1999 auto loan were community debts to be divided equally between the parties. In January 2012, the family court entered a judgment in conformance with the minute order. Juanita timely appealed.

DISCUSSION

I. *General Legal Principles*

It is a fundamental proposition that a judgment or order is presumed correct on appeal. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Although Juanita is representing herself in propria persona, she is not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

2

Because Juanita has elected to proceed on a clerk's transcript, we must treat this as an appeal "on the judgment roll," to which the following rules apply:  "'Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment [citation] [citation]; the sufficiency of the evidence to support the findings is not open to consideration by a reviewing court [citation]; and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it [citation].'"  (*Ford v. State of California* (1981) 116 Cal.App.3d 507, 514; Cal. Rules of Court, rule 8.163.)

## II.  *Analysis*

Generally, debts incurred after the date of marriage but before the date of separation must be divided equally.  (Fam. Code, § 2622, subd. (a); *In re Marriage of Walrath* (1998) 17 Cal.4th 907, 924.)  We review the judgment dividing the marital estate for abuse of discretion.  (*In re Marriage of Sivyer-Foley & Foley* (2010) 189 Cal.App.4th 521, 526.)

Here, Juanita contends the family court erred when it ordered her to pay one-half of the community debts because she is sick, homeless and living in a temporary shelter. The clerk's transcript, however, does not contain any evidence supporting her contentions or otherwise showing how the family court divided the community assets and debts.

3

Accordingly, she has not shown the family court abused its discretion when dividing the community debts and the judgment must be affirmed.

## DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.

4