[No. S010627. Dec. 13, 1990.]

In re the Marriage of GLORIA S. and JOHN V. ARCENEAUX.
GLORIA S. ARCENEAUX, Respondent, v.
JOHN V. ARCENEAUX, Appellant.

**COUNSEL**

Carl I. Leibovitz, John V. Spilker and Jerrold S. Gross for Appellant.

Ivie & McNeill, Inc., Robert H. McNeill, Jr., and Michael J. Rand for Respondent.

## OPINION

**MOSK, J.**—Does a litigant who fails to bring to the attention of the trial court alleged deficiencies in the court's statement of decision waive the right to complain of such errors on appeal, thereby allowing the appellate court to make implied findings in favor of the prevailing party? We conclude that a waiver occurs in these circumstances pursuant to section 634 of the Code of Civil Procedure, and therefore affirm the judgment of the Court of Appeal.

In a dissolution action, the trial court orally announced its intended decision on January 28, 1986. Husband filed a request for a statement of decision a few days later, and the court ordered wife to prepare the statement. Thereafter, wife served on husband a proposed statement of decision, and the court signed it after making a few modifications. Husband failed to object to either the proposed statement[1] or the final statement, nor did he move for a new trial (Code Civ. Proc., § 657)[2] or move to vacate the judgment (§ 663).

On appeal, husband asserted that the statement failed to decide two matters on which a decision was requested, and that it was deficient in three other respects.[3] The Court of Appeal refused to entertain these objections on the ground that husband had waived his reliance on the alleged deficiencies

---

[1] Rule 232(d) of the California Rules of Court provides for the filing of objections to a proposed statement of decision as follows: "Any party affected by the judgment may, within 15 days after the proposed statement of decision and judgment have been served, serve and file objections to the proposed statement of decision or judgment."

Subdivision (f) of that rule states, "The court may order a hearing on proposals or objections to a proposed statement of decision or the proposed judgment if a statement of decision is not required."

[2] All further code references are to the Code of Civil Procedure unless otherwise noted.

[3] Husband asked the trial court to determine whether the community had an interest in certain real property in Texas. The court's response was to hold that the property was to be partitioned equally between husband and wife, who were to hold it as tenants in common until the property was sold. Husband claims this statement was unresponsive to the request.

Another alleged omission in the statement of decision is the court's response to husband's request that it determine whether there was any community indebtedness with respect to the property, and if so in what amount, in the event the court found there was a community interest. The court's response was "None."

The three matters as to which husband claims the statement failed to explain the court's tentative decision relate to shares of stock that the court found were partially community property.

on appeal because he had not brought them to the attention of the trial court. Thus, the Court of Appeal inferred that the trial court decided in favor of wife as the prevailing party on any issue not addressed in the statement.

■ A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. (*Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 507 [156 Cal.Rptr. 41, 595 P.2d 619]; *Munoz* v. *Olin* (1979) 24 Cal.3d 629, 635-636 [156 Cal.Rptr. 727, 596 P.2d 1143]; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].)

Sections 632 and 634 (both as amended in 1981) set forth the means by which to avoid application of these inferences in favor of the judgment. When the court announces its tentative decision, a party may, under section 632, request the court to issue a statement of decision explaining the basis of its determination, and shall specify the issues on which the party is requesting the statement; following such a request, the party may make proposals relating to the contents of the statement.[4] Thereafter, under section 634, the party must state any objection to the statement in order to avoid an implied finding on appeal in favor of the prevailing party.[5] The section declares that if omissions or ambiguities in the statement are timely brought to the trial court's attention, the appellate court will not imply findings in favor of the prevailing party. ■ The clear implication of this provision, of course, is that if a party does not bring such deficiencies to the trial court's attention,

---

[4] Section 632 provides: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested such a statement, any party may make proposals as to the content of the statement of decision.

"The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties."

[5] Section 634 provides: "When a statement of decision does not resolve a controverted issue, or if the statement is ambiguous and the record shows that the omission or ambiguity was brought to the attention of the trial court either prior to entry of judgment or in conjunction with a motion under Section 657 or 663, it shall not be inferred on appeal or upon a motion under Section 657 or 663 that the trial court decided in favor of the prevailing party as to those facts or on that issue."

Section 657 sets forth the standards and procedure for motions for new trial, and section 663 states the grounds on which a motion to vacate a judgment may be granted.

that party waives the right to claim on appeal that the statement was deficient in these regards, and hence the appellate court will imply findings to support the judgment. Furthermore, section 634 clearly refers to a party's need to point out deficiencies in the trial court's statement of decision as a condition of avoiding such implied findings, rather than merely to request such a statement initially as provided in section 632.

The statutes thus describe a two-step process: first, a party must request a statement of decision as to specific issues to obtain an explanation of the trial court's tentative decision (§ 632); second, if the court issues such a statement, a party claiming deficiencies therein must bring such defects to the trial court's attention to avoid implied findings on appeal favorable to the judgment (§ 634). The section does not specify the particular means that the party may use to direct the court's attention to the claimed defects in the statement.

In the case at bar husband essentially asserts that he was required to fulfill only the first step of this process, and that his request for a statement of decision as to certain issues was sufficient to bar the appellate court from drawing inferences in favor of wife even though he failed to bring the purported deficiencies in the statement to the trial court's attention.

In making this contention, however, husband does not address the express requirement of section 634 that a litigant point out deficiencies in the statement of decision. Instead, he relies on language in cases decided largely under prior versions of sections 632 and 634, which he asserts hold that an appellate court cannot draw the inference referred to in section 634 if a party *either* requested a statement of decision on an issue *or* challenged the ensuing statement itself.

The contention is without merit. Husband has apparently lost sight of the fact that the requirement of section 634 is that a claimed deficiency *in the statement of decision* must be brought to the trial court's attention. A party who asks only that the court explain its tentative decision by requesting a statement as to a particular issue obviously has not fulfilled this requirement. If husband's assertion were correct, the requirement of section 634 that errors or omissions in a statement of decision must be brought to the trial court's attention would be nullified.

Most of the cases on which husband relies were decided before 1981, at a time when section 632 provided that findings of fact and conclusions of law

must be made at the request of a party. At that time section 634 provided that if "the court has not made findings as to all facts necessary to support the judgment or a finding on a material issue of fact is ambiguous or conflicting, *and . . . such omission, ambiguity or conflict was brought to the attention of the trial court* either prior to entry of judgment or in conjunction with a motion under Section 657 or 663," the inference in favor of the prevailing party would not be drawn on appeal. (Stats. 1968, ch. 716, § 2, p. 1418, italics added.) This version of section 634, like the current one, requires that omissions or ambiguities in the findings (now, statement of decision) be brought to the trial court's attention if the inference in favor of the judgment is to be avoided.

With a few exceptions, the authorities relied on by husband cite section 634 and declare that if a special finding is not requested, an implied finding supporting the judgment will be made. (E.g., *Rees* v. *Department of Real Estate* (1977) 76 Cal.App.3d 286, 291 [142 Cal.Rptr. 789] ["In interpreting the language of Code of Civil Procedure section 634, it has been held that a failure to file objections or counterfindings, or to request special findings as therein provided, constitutes a waiver of any claim that such findings are not sufficiently specific."]; *In re Marriage of Dawley* (1976) 17 Cal.3d 342, 354 [131 Cal.Rptr. 3, 551 P.2d 323] ["The issue of whether or not undue influence has been exerted frames a question of fact [citations]; the trial court in the instant case, however, rendered no finding on that issue. Since [wife] did not invoke her right to request a special finding (see Code Civ. Proc., § 634), we may resort to an implied finding to uphold the judgment."]; *Banville* v. *Schmidt* (1974) 37 Cal.App.3d 92, 102 [112 Cal.Rptr. 126] ["no attempt was made by [defendant] to request a special finding or otherwise to bring to the attention of the trial court any omission or ambiguity in the trial court's determination of [defendant's] negligence. (Code Civ. Proc., § 634 . . ."]; *Associated Creditors' Agency* v. *Dunning Floor Covering, Inc.* (1968) 265 Cal.App.2d 558, 559 [71 Cal.Rptr. 494] ["since none of the parties objected to the findings or conclusions of the court nor requested specific findings, we must resolve all conflicts and ambiguities in the findings in support of the judgment"].)

These references to a "special finding" or a "specific finding" do not support husband's assertion that a request to the trial court to render a statement of decision on an issue is sufficient to satisfy the requirements of section 634. A "special finding" in the present context is a finding on an issue necessary to support the judgment. (*South Bay Irr. Dist.* v. *California-American Water Co.* (1976) 61 Cal.App.3d 944, 994 [133 Cal.Rptr. 166].) As used in the cases cited, the term "special finding" describes one means by which deficiencies *in the findings* may be brought to the trial court's

attention, i.e., by a request for findings necessary to support the judgment that embody the views of the party proposing the findings. None of the cases even remotely suggests that, as a means of avoiding the inference, a litigant may choose between making an initial request for a finding on an issue and calling the trial court's attention to defects in the findings. Indeed, by their reliance on section 634, which clearly required that defects in the findings be raised in the trial court, these cases stand for the proposition that failure to raise such defects results in drawing the inference in favor of the prevailing party. As pointed out above, if a party is not required to challenge the findings of the trial court but may simply rely on the fact that the court asked to find on a particular issue, section 634 becomes a nullity.

Our holding in *Guardianship of Brown* (1976) 16 Cal.3d 326 [128 Cal.Rptr. 10, 546 P.2d 298], illustrates the application of section 634 as it read during the period in question. Husband cites the case for the proposition that the failure of the trial court to find on a material issue ordinarily constitutes reversible error. But the context in which this statement was made supports our conclusion. There the appellant claimed on appeal that the court failed to make findings regarding certain issues. She objected to the proposed findings, proposed her own counterfindings, and requested specific findings on certain issues. Quoting section 634, we held that the inference in favor of the judgment may not be invoked "when the complaining party has made known to the trial court his claim as to the inadequacy of the findings." (16 Cal.3d at p. 333.) We concluded, therefore, that we would not imply a determination in favor of the prevailing party regarding the issues omitted in the findings.

Other decisions also hold that omissions in the findings or statement of decision must be brought to the attention of the trial court to avoid the inference on appeal. (*In re Marriage of Neal* (1984) 153 Cal.App.3d 117, 127 [200 Cal.Rptr. 341]; *Ripani* v. *Liberty Loan Corp.* (1979) 95 Cal.App.3d 603, 614 [157 Cal.Rptr. 272]; *Rees* v. *Department of Real Estate, supra,* 76 Cal.App.3d 286, 291.)

Sections 632 and 634 were amended in 1981 to provide respectively, as they do now, that a statement of decision must be rendered at the request of a party, explaining the factual and legal basis for the court's decision on the issues specified by that party, and that if the statement fails to resolve a controverted issue or is ambiguous the defects must be brought to the court's attention to avoid presumptions in favor of the judgment.

Husband cites two cases, one decided just before the 1981 amendment and one after it, in support of his claim that he was not required to object to the statement in order to complain of its deficiencies on appeal. These cases hold that the fact a litigant did not object to the findings or statement of decision in the trial court does not waive a claim of error based on the court's failure to find on a material issue. (*McCurter* v. *Older* (1985) 173 Cal.App.3d 582, 594 [219 Cal.Rptr. 104]; *Employers Casualty Co.* v. *Northwestern Nat. Ins. Group* (1980) 109 Cal.App.3d 462, 474 [167 Cal.Rptr. 296].)

Neither decision provides persuasive authority for husband's contention. First, neither discusses or even cites section 634, which provides for just such a waiver. Second, the cases rely on older authorities (*Sharove* v. *Middleman* (1956) 146 Cal.App.2d 199, 202-203 [303 P.2d 900]; *San Jose etc. Title Ins. Co.* v. *Elliott* (1952) 108 Cal.App.2d 793, 802-803 [240 P.2d 41]) which were decided at a time when section 632 required findings of fact and conclusions of law to be made unless waived (Stats. 1933, ch. 744, § 105, p. 1876), and when section 634 had no provision requiring a challenge to the findings as a condition of avoiding inferences in favor of the judgment (Stats. 1933, ch. 744, § 106, pp. 1876-1877). During that period, no objection to findings and conclusions was necessary because they were deemed excepted to by statute. (*San Jose etc. Title Ins. Co.* v. *Elliott, supra*, at p. 802.) Thus, the statements in these older cases merely reflected the prevailing law at the time, a rule abrogated by the present version of section 634. Insofar as *McCurter* v. *Older, supra*, 173 Cal.App.3d 582, 594, and *Employers Casualty Co.* v. *Northwestern Nat. Ins. Group, supra*, 109 Cal.App.3d 462, 474, can be read to hold that a party who fails to bring to the attention of the trial court an omission or ambiguity in its statement of decision may nevertheless avoid the presumptions in favor of the judgment, they are disapproved.

Two additional cases, although decided after the amendment of sections 632 and 634 in 1981, appear to apply the pre-1981 version of these statutes, inasmuch as they refer to "findings" rather than to a statement of decision. These opinions declare: "When findings on material subsidiary issues of fact are requested *or* when the omission of such findings is brought to the trial court's attention prior to entry of judgment, the trial court is required to make such findings. If it does not do so, it cannot be inferred on appeal that the trial court found in favor of the prevailing party on the issues covered by the requested findings. (Code Civ. Proc., § 634 . . . .)" (Italics added, internal quotation marks omitted.) (*Danning* v. *Bank of America* (1984) 151 Cal.App.3d 961, 972 [199 Cal.Rptr. 163], quoting *Lynch* v. *Cook* (1983) 148 Cal.App.3d 1072, 1080 [196 Cal.Rptr. 544].) Husband relies on use of the

disjunctive in the quoted passage as supporting his claim that a party may either request findings before any are rendered or object to findings thereafter, in order to avoid the inference.

This statement is mere dictum in both cases. If the quoted language means that a litigant may avoid the presumption merely by asking for findings on an issue without challenging the findings when actually made, we disapprove it, because such an interpretation is contrary to section 634.

Our conclusion is not only compelled by the language of section 634, it also represents sound policy. As the Court of Appeal pointed out in its opinion below, it would be unfair to allow counsel to lull the trial court and opposing counsel into believing the statement of decision was acceptable, and thereafter to take advantage of an error on appeal although it could have been corrected at trial. (See, e.g., *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [588 P.2d 1261]; see cases collected in 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 311, p. 321.) In the present case, for example, husband claims that the trial court's ruling as to one of the issues on which he requested a statement of decision was "unresponsive." It is clearly unproductive to deprive a trial court of the opportunity to correct such a purported defect by allowing a litigant to raise the claimed error for the first time on appeal.

Husband denies that his attorney was aware of the claimed deficiencies in the findings and deliberately failed to bring them to the trial court's attention. Even assuming the failure was inadvertent, the consequence of a holding that a party is not required to raise defects in the trial court's statement would be to delay the final settlement of a dispute because, as the Court of Appeal pointed out, "a losing litigant can delay the process by appealing the statement on procedural grounds, wait for the appellate court to remand for a proper statement, and then finally appealing any substantive claims." We must avoid if possible a construction of section 634 that could have this undesirable result. Fortunately, in the present case the language of the statute and most of the decisions construing it coincide with the policy of fairness and expeditious determination of appeals.[6]

---

[6] Husband also complains that the Court of Appeal did not address his contention that the evidence was insufficient to support the determination in the statement of decision, thereafter embodied in the judgment, that the community had an interest in certain real property in Texas. But as noted above (fn. 3, *ante*), the trial court did not expressly make such a determination, and its omission to do so is among the points that we now hold has been waived by husband's failure to object to the statement of decision in timely fashion.

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Broussard, J., Panelli, J., Eagleson, J., Kennard, J., and Arabian, J., concurred.

Appellant's petition for a rehearing was denied February 20, 1991.