**Carl MERNER; Merner Land Company, a California Corporation, Plaintiffs—Appellees,**

v.

**Peter W. MERNER, Defendant—Appellant.**

No. 03–16449.

D.C. No. CV–02–02336–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided March 18, 2005.

Irv Piotrkowski, Esq., Petaluma, CA, Joseph J. Wiseman, Esq., Wiseman Law Group, Sacramento, CA, for Plaintiffs–Appellees.

Joseph J. Wiseman, Esq., Robert C. Anderson, Esq., John P. Desmond, Brian Irvine, Esq., Jones Vargas, Reno, NV, for Defendant–Appellant.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM *

Peter Merner appeals from the district court's summary judgment and permanent

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

injunction barring him from selling his shares of Merner Land Company (Company) to any entity that will cause the Company to lose its Subchapter S tax status.

In this diversity case, we must predict whether the California Supreme Court would conclude that Peter, a minority shareholder in a closely held corporation, owes a fiduciary duty to the majority shareholder, Carl, or the Company that prevents him from selling his shares to Catamount Operating and Funding Company, LLC (Catamount). *Spear v. Wells Fargo Bank, N.A.,* 130 F.3d 857, 861 (9th Cir.1997). Although the California Supreme Court has not squarely addressed this issue, we conclude its reasoning in relevant cases is more consistent with the approach of the Delaware courts, *see Nixon v. Blackwell,* 626 A.2d 1366, 1380–81 (Del.1993) (en banc) (refusing to create special rules applicable in closely held corporations), than the approach followed in Massachusetts, *see Donahue v. Rodd Electrotype Co.,* 367 Mass. 578, 328 N.E.2d 505, 515 & n. 17 (1975) (comparing a close corporation to a partnership and holding that "stockholders in the close corporation owe one another substantially the same fiduciary duty in the operation of the enterprise that partners owe to one another").

In *Stephenson v. Drever,* 16 Cal.4th 1167, 69 Cal.Rptr.2d 764, 947 P.2d 1301, 1302, 1307–08 (1997), the California Supreme Court refused to interpret a buy-sell agreement in a way that would deprive a minority shareholder in a closely held corporation of the fiduciary duty owed by majority shareholders and other shareholder rights that generally apply in non-closely held corporations. In contrast with *Donahue,* the court in *Stephenson* did not imply that closely held corporations are subject to special rules, nor did it suggest the close-knit, partnership-like nature of

closely held corporations gives rise to enhanced fiduciary duties. *See also Biren v. Equal. Emergency Med. Group, Inc.,* 102 Cal.App.4th 125, 125 Cal.Rptr.2d 325 (2002) (no indication that defendant owed a more stringent fiduciary duty because she was a minority shareholder in a closely held corporation); *Jones v. H.F. Ahmanson & Co.,* 1 Cal.3d 93, 81 Cal.Rptr. 592, 460 P.2d 464, 471–74 (1969) (no indication that fiduciary duties vary between closely held and regular corporations).

In addition, the California legislature has enacted various rules which take into account the unique nature of closely held corporations, *see, e.g.,* CAL. CORP.CODE §§ 158, 204(a), 300(e), 418(d), 1800(a)(2), and we therefore hesitate to assume the California Supreme Court would fashion judicially created rules to remedy alleged deficiencies in this statutory scheme. *See, e.g., Nixon,* 626 A.2d at 1380–81.

Furthermore, California courts "have always been hospitable" to agreements creating restrictions on transfers of shares, which are normally "encountered only in the context of a closely held corporation." HAROLD MARSH, JR., ET AL., MARSH'S CALIFORNIA CORPORATION LAW § 22.11 (4th ed.2000). Thus, California law provided Carl a possible way to protect the Company's Subchapter S status contractually and preempt this foreseeable dispute.

As a result, we conclude a minority shareholder in a closely held California corporation is subject to the same fiduciary duties he or she would owe in a non-closely held corporation, and therefore Peter's sale to Catamount would not breach any fiduciary obligations. *See Lynch v. Cook,* 148 Cal.App.3d 1072, 196 Cal.Rptr. 544, 551 (1983) (minority shareholder in non-closely held corporation, "acting in an independent and individual capacity, did not owe or breach any special fiduciary duty" to another minority shareholder),

*overruled on other grounds by In re Marriage of Arceneaux,* 51 Cal.3d 1130, 275 Cal.Rptr. 797, 800 P.2d 1227, 1231 (1991); *Stephenson,* 69 Cal.Rptr.2d 764, 947 P.2d at 1307 ("[U]nless otherwise provided in the articles of incorporation or in the stock certificate, a shareholder has the right to transfer or hypothecate his shares.... A shareholder without a shareholder's rights is at best an anomaly, and at worst a shadowy figure in corporate limbo who would be ... largely defenseless against neglect or overreaching by management.").

Because the district court expressly limited its summary judgment ruling to the fiduciary duty issue, we remand so that it may consider the remaining claims in Carl's complaint.

Summary judgment in favor of Carl on the issue of whether Peter's proposed sale would breach Peter's fiduciary duty is REVERSED; the permanent injunction is VACATED; and the case is REMANDED for further proceedings.

Each party shall bear his own costs on appeal.