Filed 3/26/14  Shack v. McBeth CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WILLIAM E. SHACK, JR., | B242922 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC413231) |
| v. | |
| SANDRA K. MCBETH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Yvette M. Palazuelos, Judge.  Affirmed.

Ashton R. Watkins for Defendant and Appellant.

Abdulaziz, Grossbart & Rudman and Bruce D. Rudman for Plaintiff and Respondent.

_____

The trial court determined in a court trial that defendant Sandra K. McBeth was liable to plaintiff William E. Shack, Jr., for fraudulently inducing him to make a loan of about $200,000 to her. The court entered judgment for Shack. McBeth appeals, contending the trial court erred in entering judgment because (1) Shack's fraud action was barred by the one-action rule embodied in Code of Civil Procedure section 726;[1] (2) Shack's fraud action was barred by the antideficiency statute, section 580d; (3) Shack's action did not fall within the exception to the one-action rule set forth in the Financial Code and therefore Shack lacked standing to bring his fraud action; and (4) insufficient evidence supported the judgment. We conclude that, as a matter of law, Shack had standing to bring his fraud action and that Shack's fraud action was not barred by the one-action rule or the antideficiency statute. Further, McBeth has failed to substantiate her claim that insufficient evidence supported the judgment, as she failed to provide us with a record on appeal that supports her contention. We affirm the judgment.

## BACKGROUND

Shack and McBeth are the only parties to this appeal. The first cause of action by Shack against McBeth for "fraudulently induced hard-money loan" is the only cause of action addressed by the parties. Both parties waived a court reporter. There is nothing in the record to suggest that McBeth requested a settled statement[2] or a statement of decision, and neither is contained in the record. Instead, McBeth refers to trial exhibits; Shack's second amended complaint (which was not the operative complaint at the time of trial); and written closing arguments which are contained in the record on appeal. McBeth has not even supplied us with a copy of the judgment from which she appeals.

From the clerk's transcript, which does not contain a complete record of what occurred below, we glean the following: On July 27, 2010, Shack and a Mr. Woods, who

---

[1] Undesignated statutory citations are to the Code of Civil Procedure.

[2] California Rules of Court, rule 8.137, sets forth extensive procedures for the appellant to follow in making a motion to use a settled statement instead of a reporter's transcript and filing a condensed narrative of the oral proceedings that the appellant believes necessary for the appeal.

2

is now deceased, filed the operative verified third amended complaint (TAC). The first cause of action was for "Fraudulent Inducement to Procure Loan . . ." against McBeth. The TAC alleged in pertinent part: McBeth requested a loan from Shack, to be repaid within 90 days. McBeth represented to Shack that she owned 23 pieces of real property, and that her equity and income was more than sufficient to allow her to repay the loan within 90 days. McBeth agreed to secure the loan by recording a trust deed in favor Shack on a property located on Don Ricardo Drive in Los Angeles, which she represented had sufficient equity to cover the loan. In reliance upon these representations, Shack loaned her $210,000 on August 9, 2007. The promissory note was secured by a recorded deed of trust on the Don Ricardo property in favor of Shack.

The TAC alleged that, contrary to McBeth's representations, there was insufficient equity in the Don Ricardo property to cover the loan and McBeth did not have sufficient equity or income to repay the loan. McBeth never made any payments on the loan. Following McBeth's default on the promissory note, the Don Ricardo property was foreclosed with Shack becoming the owner, and Shack had been damaged by McBeth in an amount in excess of $230,000.

A court trial commenced on May 30, 2012, and the trial court took the matter under submission. On June 11, 2012, McBeth filed a "closing brief," arguing, among other things, that the one-action rule of section 726 barred Shack's action; the antideficiency statute, section 580d, barred Shack's action; Shack's action did not fall within the exception to the one-action rule set forth in the Financial Code and therefore Shack lacked standing to bring his fraud action; and Shack's fraud claim was not supported by the evidence. There is nothing in the record to indicate that McBeth made such arguments prior to or during trial.

On June 19, 2012, Shack filed a response to McBeth's closing brief, arguing that the one-action rule and the antideficiency statute do not bar a fraud claim and that sufficient evidence supported the judgment.

Judgment was entered on June 27, 2012. There are no copies of a minute order reflecting the judgment or the judgment in the record on appeal. According to Shack's

brief on appeal, "The judgment found McBeth liable for fraud and awarded the amount of the loan, $200,000, plus pre-judgment interest from October 11, 2007 through June 27, 2012 at the rate of 10 percent, plus attorneys fees and costs as provided by law. . . . Costs were awarded [to Shack] pursuant to a cost bill that was not attacked in the amount of $838.00."

McBeth appealed.

## DISCUSSION

### A. Shack's fraud action was not barred by the one-action rule or the antideficiency statute

McBeth contends that (1) Shack's fraud action was barred by the one-action rule embodied in section 726; (2) Shack's fraud action was barred by the antideficiency statute, section 580d; and (3) Shack's action did not fall within the exception to the one-action rule under the Financial Code and therefore Shack lacked standing to bring his fraud action. We disagree.

Our Supreme Court has held that the one-action rule and the antideficiency statutes "do not preclude an action against a borrower for fraud in the inducement of a loan." (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1236–1237 (*Alliance Mortgage*).)

*Alliance Mortgage* explains "there is only 'one form of action' for the recovery of any debt or the enforcement of any right secured by a mortgage or deed of trust. That action is foreclosure, which may be either judicial or nonjudicial. (Code Civ. Proc., §§ 725a, 726, subd. (a).)" (*Alliance Mortgage*, *supra*, 10 Cal.4th at p. 1236.)

"In a nonjudicial foreclosure, also known as a 'trustee's sale,' the trustee exercises the power of sale given by the deed of trust. [Citation.] Nonjudicial foreclosure is less expensive and more quickly concluded than judicial foreclosure, since there is no oversight by a court, '[n]either appraisal nor judicial determination of fair value is required,' and the debtor has no postsale right of redemption. [Citation.] However, the creditor may not seek a deficiency judgment. [Citation.] Thus, the antideficiency statutes in part 'serve to prevent creditors in private sales from buying in at deflated

4

prices and realizing double recoveries by holding debtors for large deficiencies.' [Citation.]" (*Alliance Mortgage*, *supra*, 10 Cal.4th at p. 1236.)

In addition, *Alliance Mortgage* holds: "The antideficiency statutes have been broadly interpreted to protect the debtor. It is settled, however, and defendants here concede, that the antideficiency statutes do not preclude an action against a borrower for fraud in the inducement of a loan. (See, e.g., *Guild Mortgage Co. v. Heller* [(1987) 193 Cal.App.3d [1505,] 1518] [it has long been recognized that antideficiency statutes do not preclude a fraud suit]; *Manson v. Reed* (1986) 186 Cal.App.3d 1493, 1501 [recognized exception to the antideficiency statute is a suit for fraud]; *Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co*. (1977) 66 Cal.App.3d 101, 138–139 [antideficiency statutes not available to trustor as a defense to an action by beneficiary for fraud; action for fraud is not action for deficiency judgment]; Fin. Code, §§ 779, 7460, 15102.) There are several reasons for this exception. First, '[a] suit for fraud obviously does not involve an attempt to recover on a debt or note. As such, it stands separate and apart from any action which the antideficiency legislation seeks to preclude.' (*Guild Mortgage* [*Co. v. Heller*] [(1987)]193 Cal.App.3d [1505,] 1512; *Manson v. Reed*, *supra*, 186 Cal.App.3d at p. 1501 ['The distinction is that a suit for fraud is a completely separate remedy than a suit on the promissory note secured by the deed of trust.'].) 'Furthermore, the antideficiency laws were not intended to immunize wrongdoers from the consequences of their fraudulent acts. Finally, assuming that the court applies a proper measure of damages, fraud suits do not frustrate the antideficiency policies because there should be no double recovery for the beneficiary.' [Citation.]" (*Alliance Mortgage*, *supra*, 10 Cal.4th at pp. 1237–1238.)

Despite this authority, McBeth contends that Shack lacked standing to bring the fraud action, arguing that the exception to the one-action rule applies only to credit unions, credit associations, and banks. McBeth cites section 726, which provides in subdivision (f) that "[n]otwithstanding this section or any other provision of law to the contrary, any person authorized by this state to make or arrange loans secured by real property . . . that . . . purchases . . . any loan secured . . . by a mortgage or deed of trust on

real property" may bring an action for recovery of damages for the borrower's fraudulent conduct in inducing the original lender to make that loan. (§ 726, subd. (f).) She also cites to Financial Code sections 1301, subdivision (a), 7460, subdivision (a), and 15102, subdivision (a), which permit banks, associations, and credit unions to sue for fraud based on fraudulent conduct by a borrower inducing a lender to make the loan. McBeth's argument is unfounded.

As we observe above, case law establishes that a claim for damages based on fraudulent inducement to make the loan is not barred by the one-action rule or the antideficiency statutes. (*Alliance Mortgage*, *supra*, 10 Cal.4th at pp. 1237–1238.) Statutory provisions concerning the one-action rule and the antideficiency statutes merely supplement, rather than replace, common law: "The common law rule has been *supplemented* by a specific set of statutes that cumulatively permit all state chartered banks and national banks, all state and federal savings associations, and all state and federal credit unions, and their respective subsidiaries and affiliates, as well as all other persons 'authorized by this state to make or arrange loans secured by real property or any successor in interest thereto' to pursue actions for fraud against borrowers irrespective of the one-action and antideficiency statutes. [3]" (4 Miller and Starr, Cal. Real Estate (3d ed. 2013) § 10:206, p. 10-769.) Indeed, an action for fraud in the inducement is not even an action for a "deficiency" and thus is not subject to antideficiency statute.

Accordingly, McBeth has failed to establish that Shack lacked standing to bring an action for fraud against her or that Shack's fraud action was barred by the one-action rule or the antideficiency statute.

**B. McBeth has failed to substantiate her claim that insufficient evidence supported the judgment, as she failed to provide a record on appeal that supports that contention**

McBeth contends that insufficient evidence supported the judgment. We conclude that McBeth has failed to substantiate her claim that insufficient evidence supported the

---

**3** "Code Civ. Proc., § 726, subds. (f), (g), (h); Fin. Code, §§ 551, 7460, 15102."

6

judgment, as she failed to provide us with a record on appeal that supports that contention.

At trial, Shack was required to prove the elements of promissory fraud. On appeal, McBeth was required to show how the trier of fact erred. To do so, McBeth had to overcome the presumption in favor of the judgment. "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. [Citations.]" (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "[A] party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

McBeth contends on appeal that Shack failed to establish the elements of his cause of action for promissory fraud, primarily disputing his proof that there was a false representation concerning the equity in the Don Ricardo property and disputing that he relied upon any such representation. McBeth failed to provide us with a statement of decision, settled statement, reporter's transcript, or even the judgment itself. There is virtually no record for us to review for error. Thus, we indulge every presumption in support of the judgment and conclude that McBeth has not shown affirmatively that insufficient evidence supported the judgment.

## DISPOSITION

The judgment in favor of William E. Shack, Jr., on the first cause of action is affirmed.  Shack is to recover his costs on appeal.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.