Filed 9/30/24  P. v. He CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063487 |
| v. | (Super. Ct. No. FVI19003095) |
| YIZHI HE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Debra Harris, Judge. Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Warren Williams and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Yizhi He was convicted by jury of vehicular manslaughter and reckless driving. Her sole contention on appeal is that the trial court erred in imposing the midterm sentence for her crimes. Defendant argues the lower term was required under Penal Code section 1170 because she was only 25 years old at the time of her offenses.[1] Although that section creates a presumption in favor of the lower term for youthful offenders, there is substantial evidence to support the trial court's implied finding that sentencing defendant to the lower term would defeat the ends of justice. Therefore, we affirm her sentence.

## STATEMENT OF FACTS

On the night of January 26, 2019, defendant was stopped and ticketed by the California Highway Patrol for driving her Porsche 109 mph on Interstate 15, just north of Barstow. About an hour later, while driving approximately 103 mph on the same highway in San Bernardino County, defendant collided with a Nissan Sentra, causing it to rollover and crash. The force of the collision killed the Sentra's front passenger and left its driver in a vegetative state. It also shook up their seven-year-old granddaughter, who was riding in the backseat, although she did not sustain any serious physical injuries. Defendant, then age 25, also escaped injury during the crash.

At trial, defendant was charged with second degree murder, vehicular manslaughter with gross negligence, and reckless driving causing serious injury. The jury acquitted her of murder but found her guilty of the other two offenses. At sentencing, the court imposed the midterm sentence of four years on the manslaughter count, plus a consecutive term of one third the midterm on the reckless driving count, for a total prison term of four

---

[1] All further statutory references are to the Penal Code.

years and eight months. Because defendant's presentence credits exceeded that term, she was released from custody and placed on parole.

## DISCUSSION

Relying on the fact she was only 25 years old at the time of her crimes, defendant argues the trial court should have sentenced her to the lower term, not the midterm, on each count. The argument is based on defendant's belief that the trial court did not find any aggravating circumstances applicable to rebut the presumption in favor of the lower term. However, as we explain below, the record indicates otherwise. We therefore affirm the trial court's sentencing decision.

### I.

#### PROCEDURAL BACKGROUND

Before sentencing, the probation officer filed a report with the trial court that listed three aggravating circumstances: 1) defendant's crimes involved great bodily harm; 2) her victims were particularly vulnerable; and 3) her conduct indicates a serious danger to society. (Cal. Rules of Court, rule 4.421(a)(1)(3), (b)(1).) The report also listed one factor in mitigation, that being defendant's lack of a prior criminal record. (*Id.*, rule 4.423(b)(1).) However, the report further noted that before the instant case arose, defendant was cited in Nevada for driving 95 mph in a 65 mph zone.

When contacted by the probation officer, defendant said she did not want to talk about her crimes without first talking to her attorney. However, she said she was hoping to be released from custody without parole supervision because she did not want to be restricted in terms of working or going to school. Defendant also provided information about her personal life and her work history, but she did not to mention anything about the victims in this case.

3

The probation officer interpreted that to mean defendant was not remorseful for her offenses. Given defendant's apparent lack of remorse, as well as the severe harm her crimes caused, the probation officer believed she deserved an extended prison commitment. But, in light of how defendant's case was charged, the highest term the probation officer could recommend was four years and eight months, representing the midterm on the manslaughter count and one third the midterm on the reckless driving count.

The prosecution advocated for a greater sentence in its sentencing brief. While acknowledging defendant's lack of a prior criminal record, the prosecution argued the upper term of six years was warranted on the manslaughter count because defendant had previously been cited for speeding, and she was eligible for consecutive sentencing. (Cal. Rules of Court, rule 4.421(a)(7), (c).)

In defendant's sentencing brief, counsel urged the court to impose the lower term of two years on the manslaughter count and to stay sentence on the reckless driving count under section 654. In fact, defense counsel argued the lower term was *mandated* under section 1170, subdivision (b)(6) because defendant was under the age of 26 at the time of her offenses.

In support of this argument, defense counsel not only quoted extensively from section 1170, he also included a research article that suggests the lack of brain development may contribute to the higher risk of accidents among young drivers. However, the article defines young drivers as aged 16-24, and it states that most people reach full brain maturation around the age of 25, which is how old defendant was when this case arose.

At the sentencing hearing, the trial court said it had read the probation report and the parties' sentencing briefs. In regard to the prosecution's request for the upper term, the court explained it could not

4

impose that term because no aggravating circumstances were pled and proven at trial. The court also appeared to accept defense counsel's representation that, despite being reluctant to talk to the probation officer, defendant was actually remorseful for the suffering she had caused her victims.

Nevertheless, the court did not believe the lower term was appropriate in this case. In announcing its intent to impose the midterm sentence, the court cited the vulnerability of the victims to defendant's crimes. That prompted defense counsel to ask if the court was "mak[ing] a finding that there was an aggravating factor of [victim] vulnerability?" The court responded, "I'm just noting there are no aggravating factors. I'm just noting factors that I found where I'm not imposing the low term." Defense counsel said he understood, and with that, the court sentenced defendant to the midterm of four years on the manslaughter count, plus one third the midterm, i.e., eight months, on the reckless driving count.

II.

LEGAL FRAMEWORK

In challenging the trial court's sentencing decision, defendant relies on the amendments to section 1170, subdivision (b), which became effective on January 1, 2022, over a year and a half before she was sentenced in July 2023. (See Stats. 2021, ch. 695, § 5.3.) "Based on those amendments, a trial court may impose no greater than a middle term sentence unless it relies on aggravating factors that (with the exception of prior convictions in a certified record) have been found true beyond a reasonable doubt or stipulated to by the defendant[.] (§ 1170, subd. (b)(1)–(3).)" (*People v. Caparrotta* (2024) 103 Cal.App.5th 874, 904.)

5

Furthermore, as set forth in section 1170, subdivision (b)(6), "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person . . . was a youth [defined as a person under the age of 26] at the time of the commission of the offense." (§ 1170, subd. (b)(6).)

This provision creates a presumption in favor of the lower prison term for youthful offenders. (*People v. Salazar* (2023) 15 Cal.5th 416, 426-430; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) However, if the sentencing court determines there are aggravating factors present that overcome the presumption, it is free to impose the midterm sentence. (*People v. Caparrotta, supra,* 103 Cal.App.5th at pp. 904-906.) And, in so doing, the court is not required to make an express finding that imposition of the lower term would be contrary to the interests of justice. (*Id.* at p. 906, fn. 14.)

In reviewing the trial court's sentencing decision in this case, we must also keep in mind, "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) As the appealing party, it is defendant's burden to demonstrate error and resulting prejudice. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

III.

ANALYSIS

A. *Forfeiture*

As a preliminary matter, respondent contends defendant forfeited her right to challenge imposition of her midterm sentence by failing to invoke

6

section 1170, subdivision (b)(6) at the sentencing hearing. However, in advocating for the lower term in her sentencing brief, defendant not only emphasized and quoted extensively from that provision, she also attached a research article in support of her claim that youth was a contributing factor to her crimes. Under these circumstances, we presume the trial court was aware defendant was seeking to benefit from that provision. (See *People v. Caparrotta, supra,* 103 Cal.App.5th at p. 905.) Therefore, the forfeiture rule does not apply, and we will proceed to the merits. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 881 [the forfeiture rule is intended to encourage parties to bring issues to the attention of the trial court so that it has the opportunity to rule on them].)

## B. The Merits

Defendant asserts imposition of the lower term was required under section 1170, subdivision (b)(6) because the trial court "expressly [found] that there were no aggravating circumstances that might have arguably justified departure from the statutory preference for the low term for youthful offenders." We disagree.

The trial court did expressly find that there were no aggravating circumstances present to justify the imposition of the *upper term*, which is what the prosecution had requested. As the trial court properly recognized, an upper term sentence generally may not be imposed unless aggravating factors were pled and proven, and in this case, none were.

However, that is a separate issue from whether aggravating factors existed so as to overcome the presumption for the lower term in section 1170, subdivision (b)(6). Unlike the aggravating factors needed to impose the upper term, the aggravating factors required to impose the midterm need not be found true beyond a reasonable doubt by the jury.

7

(*People v. Hilburn* (2023) 93 Cal.App.5th 189, 202-205.) Rather, they need only be established by a preponderance of the evidence by the trial judge. (*Ibid.*; *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 928–929.)

In this case, the trial judge's explanation for imposing the midterm sentence was not well developed in the record. After the judge alluded to the victims' vulnerability, defense counsel asked if she was making a finding as to that aggravating factor. The judge replied, "I'm just noting there are no aggravating factors. I'm just noting factors that I found where I'm not imposing the low term."

At first blush, these back-to-back statements seem to be somewhat contradictory. However, we must remember they were made after the trial judge had already determined that no aggravating factors had been pled and proven to justify the prosecution's request for the upper term sentence. It appears the judge was merely reiterating that point when she stated, "I'm just noting there are no aggravating factors."

Having determined there were no aggravating factors available to justify imposition of the upper term, the judge then turned to the next issue, namely, whether to impose the lower term or the midterm sentence. In that regard, the judge wanted to make a record of the factors she was relying on for "not imposing the low term." Although the judge noted but one factor— the victims' vulnerability—that was enough to overcome the presumption for the lower term in section 1170, subdivision (b)(6) and to impose the midterm sentence. (See *People v. Quintanilla* (2009) 170 Cal.App.4th 406, 413 ["'California courts have long held that a single factor in aggravation is sufficient to justify a sentencing choice'"].)

Defendant does not challenge the applicability of that aggravating factor to her crimes. Rather, her entire appeal is premised on the

8

assumption that the trial judge did not find *any* aggravating circumstances that could be used to overcome the presumption for the lower term sentence. Because the record indicates otherwise, there is no basis to disturb her sentence.

## DISPOSITION

The judgment is affirmed.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.