Filed 5/27/25  P. v. Williams CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY TRAYVON WILLIAMS,<br><br>Defendant and Appellant. | B335254<br><br>(Los Angeles County Super. Ct. No. NA096165) |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2014, defendant and appellant Anthony Trayvon Williams was convicted of receiving stolen property (Pen. Code, § 496, subd. (a))[1] and first degree residential burglary (§ 459).  In 2023, while defendant was serving a 36-year-to-life sentence, the trial court resentenced him to 35 years to life pursuant to section 1172.75.[2]

On appeal from his resentencing, defendant argues that the trial court abused its discretion by declining to strike any of defendant's five-year serious felony enhancements (§ 667, subd. (a)).  Finding no abuse of the court's discretion, we affirm.

## BACKGROUND

I. *Facts*

"On April 4, 2013, Shinobu Saito (Shinobu) and Yoko Saito (collectively Saitos) were living in a house in San Pedro.  At 10:30 a.m., they locked the house and left for a doctor's appointment.  Upon their return, they discovered that the bedroom window in back of their home was broken and 'everything was scattered all over the floor and the bed.'  The following items had been taken:  'a lot of wrist watches,' a necklace, bracelets, coins, 60 one-hundred dollar bills ($6,000), and a flashlight with Shinobu's nickname, 'Doc', etched on it." (*People v. Williams* (Feb. 27, 2017, B257027) [nonpub. opn.]

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Effective June 30, 2022, section 1171.1 was renumbered section 1172.75, with no substantive changes.  (Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2.)  For simplicity, we refer to the section by its new numbering.

(*Williams*).)  The ensuing investigation uncovered evidence linking defendant to the crime.  (*Ibid.*)

II.  *Procedural History*

A.  Conviction and sentencing

In 2014, a jury found defendant guilty of receiving stolen property (§ 496, subd. (a); count 1) and first degree residential burglary (§ 459; count 2).  Defendant admitted various priors, including that he had suffered two prior serious felony convictions (§ 667, subd. (a)(1)), two prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), and four prior prison terms (former § 667.5, subd. (b)).

The trial court sentenced defendant to serve 39 years to life in state prison.  The sentence consisted of 25 years to life on count 2, plus two five-year serious felony enhancements (§ 667, subd. (a)) and four one-year prior prison term enhancements (former § 667.5, subd. (b)).  The court dismissed count 1.

B.  Direct appeal

On direct appeal, we struck two one-year prior prison term enhancements and a $1,000 penalty assessment.  (*Williams*, *supra*, B257027.)  As the trial court had already struck one of defendant's one-year prior prison term enhancements in response to a Proposition 47 petition for resentencing, defendant's sentence following his direct appeal was reduced to 36 years to life. (See *Williams*, *supra*, B257027.)

C.  Section 1172.75 proceedings

In 2022, the California Department of Corrections and Rehabilitation identified defendant as being potentially entitled to resentencing under section 1172.75.  Represented by appointed counsel, defendant filed a resentencing brief asking the trial

court to strike the remaining prior prison term enhancement, as well as the two strike convictions and the two five-year serious felony enhancements. Defendant attached various prison records, including documentation of four prison rule violations as well as his positive prison conduct and achievements.

At a resentencing hearing on October 19, 2023, the trial court struck the remaining one-year prior prison term enhancement (former § 667.5, subd. (b)). The court declined to exercise its discretion to strike the five-year serious felony enhancements (§ 667, subd. (a)), stating that "[t]here [wa]s no justification to warrant" such action. The court also declined to dismiss the prior strike convictions. The court explained: "The defendant committed the same class of crime as those in the strikes, specifically the prior strike offenses are crimes of theft and are of the same class of crime as the incident residential burglary conviction." The court also noted that, within the prior decade, defendant received three prison rule violations.

The trial court resentenced defendant to 35 years to life, comprised of 25 years to life plus two five-year serious felony enhancements.

D. <u>Appeal</u>

This timely appeal ensued.

## DISCUSSION

I. *Standard of Review*

We review a trial court's decision whether to dismiss or strike an enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 (*Nazir*).) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion"' to

4

dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' [Citations.]" (*Nazir*, *supra*, at p. 490.)

II. *Relevant Law*

    A. <u>Section 1172.75</u>

    Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75, which renders "legally invalid" any former section 667.5, subdivision (b) prior prison term enhancement imposed before January 1, 2020, except for a prior conviction for a sexually violent offense. (§ 1172.75, subd. (a).) A defendant who qualifies for the recall of his sentence under section 1172.75 is entitled to "a full resentencing" at which the trial court may reconsider all of its prior sentencing decisions. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*).)

    The statute provides "specific instructions" for the trial court to exercise broad resentencing authority. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) Among other things, section 1172.75 requires the trial court to "apply any . . . changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

5

B.  Section 1385

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to add subdivision (c).  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723.)  Section 1385, subdivision (c)(1) provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so[.]"  Section 1385, subdivision (c)(2) specifies that "[i]n exercising its discretion" to dismiss an enhancement, "the court shall consider and afford great weight to evidence offered by the defendant to prove" the presence of nine enumerated "mitigating circumstances . . . .  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

The enumerated mitigating factors include, as relevant here, that (1) "[m]ultiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)); (2) "[t]he current offense is not a violent felony as defined in subdivision (c) of [s]ection 667.5" (§ 1385, subd. (c)(2)(F)); and (3) "[t]he enhancement is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)).

"[I]f the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' [Citation.]"  (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*).)

6

III. *Analysis*

As required by section 1172.75, the trial court struck defendant's remaining former section 667.5, subdivision (b) prior prison term enhancement.  And, as required, the court conducted a full resentencing (*Monroe, supra*, 85 Cal.App.5th at p. 402), during which it declined to exercise its discretion to strike either of the two five-year serious felony enhancements (§ 667, subd. (a)) or the prior strike convictions within the meaning of the Three Strikes law.

Defendant contends that the trial court abused its discretion in finding that there was no justification to strike the five-year serious felony enhancements.[3]  He argues that the court "refus[ed]" to apply section 1385, subdivision (c)(2), by disregarding evidence of three enumerated mitigating facts—specifically, that multiple enhancements were alleged, that the current offense was nonviolent, and that the prior convictions were over five years old.  (§ 1385, subd. (c)(2)(B), (F) & (H).)

We disagree.  The trial court understood that it had the discretion to dismiss the section 667, subdivision (a) serious felony enhancements, as it expressly stated that "in its discretion" it declined to do so.  The court's statement that "[t]here [wa]s no justification to warrant" exercising that discretion does not, as defendant argues, indicate that the court was unaware of the mitigating factors set forth in section 1385,

---

[3]     Defendant does not argue that the trial court abused its discretion by declining to strike his prior strike convictions.  He does, however, contend that if we were to reverse and remand for a new resentencing hearing, that the court should reconsider striking them.

7

subdivision (c)(2), or that the court failed to give those factors appropriate weight.

Rather, because "all intendments and presumptions are indulged in favor of [the] correctness" of the trial court's order (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133), we presume that the court was aware of the applicable law, gave great weight to the relevant mitigating circumstances, and declined to dismiss the prior serious felony enhancements due to countervailing factors. (See *Walker*, *supra*, 16 Cal.5th at p. 1036 [at resentencing, a trial court may reimpose a challenged enhancement upon "find[ing] substantial, credible evidence of countervailing factors that . . . 'neutralize . . . the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice'"].) Credible evidence of such countervailing factors can be found in defendant's prison record, which reflects that between 2016 and 2019, defendant was found guilty of three prison rule violations. Two of these violations were classified as serious. (See § 1172.75, subd. (d)(3) [permitting the resentencing court to consider "the disciplinary record . . . of the defendant while incarcerated"].)

Under these circumstances, we find no abuse of the trial court's discretion.

**DISPOSITION**

The trial court's October 19, 2023, order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON