Filed 8/13/25  N.S. v. B.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| N.S., | C101604 |
| Plaintiff and Respondent, | (Super. Ct. No. FL0001696) |
| v. | |
| B.A., | |
| Defendant and Appellant. | |

The family court issued a domestic violence restraining order against appellant B.A. after two hearings on respondent N.S.'s request.  B.A. appeals the restraining order, contending the family court erred in:  (1) allowing N.S. to testify at both hearings in violation of B.A.'s statutory right to cross-examine; (2) refusing to review the transcript of N.S.'s first testimony; (3) drawing an adverse inference from B.A.'s invocation of the Fifth Amendment privilege by omitting evidence favorable to B.A. from its statement of decision evidence.

1

We discern no violation of B.A.'s right to cross-examine and conclude any error in the family court's alleged refusal to review the transcript was harmless. We further find B.A. forfeited his claims as to the deficiencies in the statement of decision. We affirm the order.

Because N.S. did not file a respondent's brief, we decide the appeal on the record, the opening brief, and any oral argument by B.A. (Cal. Rules of Court, rule 8.220(a)(2).)

FACTUAL AND PROCEDURAL BACKGROUND

N.S. filed a verified request for domestic violence restraining order against B.A. on December 7, 2023. The request was heard on December 27, 2023, with both parties appearing in pro per (the first hearing). After N.S. testified, the family court asked B.A. if he had any questions for N.S., and B.A. responded he had none. B.A. also claimed he was unprepared for the hearing and requested a continuance. The family court continued the hearing to January 10, 2024. After four more continuances, the request was heard on May 8, 2024.

At the May 8, 2024 hearing (the second hearing), B.A. appeared with his counsel. B.A.'s counsel informed the family court that N.S. had concluded her testimony at the first hearing and offered a copy of the transcript. The family court allowed B.A.'s counsel to use the transcript but stated it would ask N.S. to testify again because it had no recollection of N.S.'s prior testimony. After N.S. finished her testimony, B.A.'s counsel cross-examined N.S. When N.S. called B.A. as a witness, B.A. refused to testify, invoking his Fifth Amendment privilege against self-incrimination.

The family court granted N.S.'s request and issued a one-year restraining order against B.A. It also issued an oral statement of decision at the request of B.A.'s counsel, explaining that it found B.A. committed an act of domestic violence against N.S. but noted N.S. was not injured. B.A. made no objection to the statement of decision.

On May 24, 2024, B.A. filed a notice of intention to move for a new trial based on: "1. Irregularity in the proceedings of the Court [citation]; 2. Irregularity in the

2

proceedings caused by defendant or defendant's counsel [citation]; 3. Improper orders of the Court [citation]; 4. Abuse of discretion by the Court [citation]; 5. Accident or surprise, which ordinary prudence would not have guarded against [citation]; 6. The judgment is contrary to law [citation]; 7. Error in law occurring at the trial and objected to by the moving party [citation]." The memorandum of points and authorities and declarations supporting the motion are not in the record. Before the family court set a hearing date on the motion, B.A. filed a notice of appeal.

## DISCUSSION

### A. *Statutory Right to Cross-Examine*

B.A. contends the delay between the two hearings was prejudicial because it impaired the family court's recollection of N.S.'s initial testimony. As a result, the family court allowed N.S. to testify twice, violating B.A.'s right to cross-examine under Evidence Code sections 773 and 776. We find no violation.

During the first hearing, the family court offered B.A. an opportunity to cross-examine N.S., but B.A. elected not to exercise that right by stating he had no questions for N.S. This was not a violation of B.A.'s right to cross-examine. (See *San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 575.) At the second hearing, by B.A.'s own account, his counsel "extensively examined [N.S.] as to her factual contentions supporting her application for a [restraining order]" and "impeached [N.S.] on a number of issues." Because B.A. had an opportunity to cross-examine N.S. during both hearings, we discern no violation of B.A.'s statutory right to cross-examine.

### B. *Family Court's Alleged Refusal to Review the Transcript*

B.A. contends the family court erred in refusing to review the transcript of N.S.'s first testimony. According to B.A., without the transcript, the family court could not evaluate whether N.S.'s second testimony was consistent with her first. We note the record does not show the family court declined to review the transcript. But even assuming it did decline to review it, any error was harmless.

3

"California Constitution, article VI, section 13, prohibits a reviewing court from setting aside a judgment due to trial court error unless it finds the error prejudicial." (*People v. Chun* (2009) 45 Cal.4th 1172, 1201; see *Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 785 [applying the harmless error analysis in a domestic violence restraining order review].) *People v. Watson* (1956) 46 Cal.2d 818 and *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*) articulate two different tests for assessing prejudice in a trial court's error. We need not decide which standard applies here because the family court's alleged error was harmless even under the stricter standard in *Chapman*.

Pursuant to *Chapman*, reversal is required unless we can conclude beyond a reasonable doubt that the trial court's error would not have affected the outcome. (*Chapman*, *supra*, 386 U.S. at pp. 23-24.) Here, B.A.'s counsel had the transcript of N.S.'s first testimony and the family court allowed him to use the transcript during the second hearing. Thus, counsel could have pointed out any inconsistencies between the testimonies to the family court. Indeed, B.A.'s opening brief states that his counsel "was then given the first opportunity to cross-examine [N.S.] on May 8, 2024. Her testimony varied significantly from the testimony she gave on December 27, 2023. She was impeached[] and could not explain the variances in her testimony." (*Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [a reviewing court may treat statements of fact in a party's brief as admissions against that party].) We conclude any alleged error was harmless beyond a reasonable doubt.

C.    *Statement of Decision*

B.A. challenges the family court's statement of decision in two ways. First, he contends the statement of decision was deficient because it omitted evidence discrediting N.S. and showing B.A. acted in self-defense. Second, he argues the omission was the result of the family court improperly drawing an adverse inference from his invocation of the Fifth Amendment privilege. He has forfeited both claims.

4

When a party fails to inform the trial court of omissions or ambiguities in the statement of decision, he forfeits his right to claim on appeal that the statement was deficient. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134, citing Evid. Code, § 634.) Here, B.A. made no objection after the family court announced its statement of decision, forfeiting any claim as to the deficiencies therein. We reject B.A.'s contention that his motion for a new trial preserved the claims. His notice of intention to move for a new trial contained conclusory allegations of the family court's mistakes with no mention of the omission or adverse inference he now challenges on appeal. And the declarations and memorandum of points and authorities supporting his motion are not in the record.[1] Thus, nothing in the record demonstrates B.A. raised specific objections to the statement of decision below. He has forfeited his claims. (See *In re Marriage of Fossum* (2011) 192 Cal.App.4th 336, 346 [appellant forfeited his claim that the statement of decision was deficient when he failed to raise specific objections below].)

---

[1] Counsel for B.A. claimed at oral argument that his declaration supporting the motion for a new trial pointed out the specific evidence omitted by the family court. But for purpose of appellate review, "if it is not in the record, it did not happen." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.)

## DISPOSITION

The restraining order is affirmed.  Because N.S. did not appeal and nothing in the record shows she has incurred any costs on appeal, no cost is awarded.

    /s/
MESIWALA, J.

We concur:

    /s/
EARL, P. J.

    /s/
KRAUSE, J.