Filed 5/21/14  Marriage of Shao and Wang CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of LINDA SHAO and TSAN-KUEN WANG. | H037820 (Santa Clara County Super. Ct. No. 1-05 FL126882) |

LINDA SHAO,

    Appellant,

      v.

TSAN-KUEN WANG,

    Respondent;

LOUIS WANG,

    Appellant.

---

In this appeal, Linda Shao, a licensed attorney, represents herself.  Ms. Shao is attempting to appeal two post-judgment orders from the family court related to custody and appointment of counsel for her two children.  Respondent is the father of the children, Tsan-Kwen Wang.  He filed no respondent's brief in this case.

## STATEMENT OF THE FACTS AND CASE[1]

Mr. Wang and Ms. Shao entered into a stipulated agreement on May 9, 2008 to equally share custody of their two children.[2] Ms. Shao states that in 2010, she grew concerned about her five-year-old daughter, L.W. going to Mr. Wang's home, because L.W. was being forced to sleep in the same bed with her step-brother. In March 2010, Ms. Shao contacted the Sunnyvale Police regarding her concerns. The police referred the case to the Department of Family and Child Services.

The court eventually made temporary custody orders on August 5, 2010, pursuant to an emergency screening that Mr. Wang be given sole legal and physical custody of L.W. The order also required Ms. Shao to undergo a psychological evaluation, and that any visitation with L.W. be supervised.

It is unclear from Ms. Shao's brief what transpired in court between August 5, 2010, and April 21, 2011, when Ms. Shao filed a request for a statement of decision regarding the August 5, 2010 order.[3] It is clear that Ms. Shao was unhappy about the temporary orders, and was making every attempt to modify custody so that L.W. would be returned to her.

Ms. Shao filed a notice of appeal on December 30, 2011.

## DISCUSSION

Ms. Shao's notice of appeal identifies a number of orders she attempts to appeal. She lists the orders after hearing for July 22, 2011, October 31, 2011 and November 21, 2011. However, July 22, 2011 was the date of the hearing, and the order

---

[1] This statement of the facts and case is derived from Ms. Shao's account in her brief. She does not cite to any documents in the record to support these facts.

[2] At the time of the agreement, Ms. Shao and Mr. Wang had a son, who was 14, and a daughter, who was three.

[3] April 21, 2011 is the beginning of the clerk's transcript in this appeal.

2

after hearing was filed on October 31, 2011. She also lists oral orders made by the court on October 31, 2011 and November 21, 2011; however, the record on appeal does not contain reporter's transcripts for those dates.

Our review of the record reveals two written orders that coincide with Ms. Shao's notice of appeal. The first is the order after hearing that occurred on July 22, 2011 and was filed on October 31, 2011. The second order was filed on January 25, 2012, following a hearing on November 21, 2011.

### *October 31, 2011 Order*

In this order, the court continued the supervised visitation ordered on August 5, 2010, and stated that at the next hearing date, the issues of the emergency screening, establishing a temporary schedule for the children, and Ms. Shao's motion to modify custody would be addressed.

The October 31, 2011 order Ms. Shao attempts to appeal is an interim, temporary order in the ongoing custody dispute between Ms. Shao and Mr. Wang. Interim custody orders are not appealable, because they contemplate further judicial action. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556-565.) As a result, the appeal of this order will be dismissed.

### *The January 25, 2012 Order*

In this order, the court denied Ms. Shao's motion to appoint counsel for her 17-year-old son. The court also denied Ms. Shao's motion to remove B.J. Fadem as appointed counsel for L.W.

Authority to appoint counsel for the child derives from Family Code section 3150, subdivision (a), which states, "If the court determines that it would be in the best interest of the minor child, the court may appoint private counsel to represent the interests of the child in a custody or visitation proceeding . . . ." Subdivision (b) of the section provides that appointed counsel "shall continue to represent that child unless relieved by the court

3

upon the substitution of other counsel by the court or for cause." The issue, then, is whether "cause" for removal was shown. Implicit in those provisions is an abuse-of-discretion standard. We review any ruling on the best interests of a child by asking "whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child" (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32), viewed in a light most favorable to the judgment. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134.).

Ms. Shao does not present any legal arguments regarding the court's refusal to appoint counsel for her 17-year-old son. As a result, we deem this issue waived. (*In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830.)

With regard to the court's failure to remove B.J. Fadem as counsel for L.W., Ms. Shao raises a number of arguments including that Ms. Fadem "violated her independent quasi-judicial role as a minor's counsel," because she communicated with Mr. Wang's attorney "ex-parte." Ms. Shao also argues Ms. Fadem failed to execute her statutory duties as child's counsel, because she did not advocate for L.W. or sufficiently communicate L.W.'s wishes to the court. Finally, Ms. Shao asserts Ms. Fadem is "incompetent due to her severe bias and prejudice" toward her.

At the heart of Ms. Shao's belief about Ms. Fadem's representation of her daughter is Ms. Shao's continuing position that L.W. should not be in the custody of Mr. Wang. It appears Ms. Shao believes that because Ms. Fadem has not advocated this position and has not secured Ms. Shao's custody of L.W., she is derelict in her duties as child's counsel and should be removed.

Other than to repeatedly argue that L.W. is in danger in the custody of Mr. Wang, and Ms. Fadem is biased against her, Ms. Shao does not demonstrate on appeal that the trial court abused its discretion in refusing to remove Ms. Fadem as child's counsel. In its order, the trial court stated, "The court finds no untoward behavior by Ms. Fadem in

4

the execution of her obligations as attorney for [L.W.], age 6." The trial court is certainly in the best position to evaluate the efforts of Ms. Fadem and assess whether she is fulfilling her duties appropriately. Ms. Shao did not show cause for Ms. Fadem's removal. (*In re Burgess, supra*, 13 Cal.4th at p. 32.)

## DISPOSITION

The appeal of the October 31, 2011 order is dismissed.

The January 25, 2011 order denying Ms. Shao's motion to appoint counsel for her 17-year-old son, and to remove counsel for her daughter, L.W. is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

5