Filed 6/17/14  Dehdashty v. Healy CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HAMID DEHDASHTY, | B247225 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC111567) |
| v. | |
| MICHAEL D. HEALY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles, Richard A. Stone, Judge.  Affirmed.

Chodos & Associates and David Manning Chodos for Defendant and Appellant.

Afifi Law Group and Faryan Andrew Afifi for Plaintiff and Respondent.

_____

Appellant Michael D. Healy appeals from the judgment entered after trial in favor of plaintiff Hamid Dehdashty against defendants Healy, Gourmet Green Room, Inc. (GGR)[1], and Matthew J. Tanney.[2] The only contention on appeal is that the trial court committed reversible error by failing to prepare a statement of decision requested by GGR pursuant to Code of Civil Procedure section 632.[3] We requested supplemental briefing from the parties on whether Healy's failure to request a statement of decision in the trial court precluded him from raising the issue on appeal. We conclude that the failure of Healy to request a statement of decision forfeits the issue on appeal, and he lacks standing to complain that the trial court erred in failing to prepare a statement of decision on behalf of GGR. We therefore affirm the judgment against Healy.

The case is based on Dehdashty's complaint seeking to recover $1.3 million loaned by Dehdashty to GGR, Healy, and Tanney, in connection with the operation of a medical marijuana dispensary. The complaint alleges causes of action for breach of

---

[1] We granted Dehdashty's motion to dismiss the appeal of GGR on the ground that GGR is a suspended corporation. GGR is no longer a party to this appeal.

[2] Tanney is not a party to this appeal.

[3] Code of Civil Procedure section 632 provides as follows: "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested the statement, any party may make proposals as to the content of the statement of decision. [¶] The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties." All further citations to statutes are to the Code of Civil Procedure, unless otherwise stated.

contract, enforcement of security agreement, breach of personal guarantees, fraud, and injunctive relief.

The record on appeal consists of an Appellant's Appendix, with no reporter's transcript or settled statement of the trial proceedings. After a four-day court trial, the court issued a minute order dated November 19, 2012, awarding judgment in favor of Dehdashty and against "defendants" in the amount of $1.3 million plus interest, $30,000 in consequential damages, and $200,000[4] in punitive damages. GGR filed a timely request for a statement of decision pursuant to section 632 on November 28, 2012. Neither Healy nor Tanney joined in the request for a statement of decision, nor did they seek to supplement GGR's request. There is no statement of decision in the Appellant's Appendix. A judgment was signed by the trial court on December 5, 2012, awarding Dehdashty money damages totaling $1,512,027.40, and other relief.

It is undisputed that (1) Healy did not file a request for a statement of decision, (2) counsel for GGR did not represent Healy at the time of the request for a statement of decision, and (3) Healy did not join in or supplement GGR's request to prepare a statement of decision. Appellants' Opening Brief, filed on behalf of GGR and Healy before GGR's appeal was dismissed, states that after the minute order setting forth an award in favor of Dehdashty was issued, "Defendant GGR responded by filing and serving a Request For Statement of Decision on November 28, 2013." In his letter brief to this court, appellate counsel for GGR and Healy states, "It is quite correct that Mr. Healy, who as we demonstrate below, was *not* represented by counsel at trial, did not file his own Request for Statement of Decision . . . ."

A trial court in a civil action has no sua sponte obligation to prepare a statement of decision. (See *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130 [a party must request a statement of decision as to specific issues, and any defects must be called to the trial court's attention].) "In a bench trial, how does an appellant obtain a record affirmatively

---

[4] Healey's briefing in this court states that the court awarded $20,000 in punitive damages, rather than the $200,000 reflected in the minute order and judgment.

proving the trial court erred by failing to make factual findings on an issue?  The appellant must secure a statement of decision under Code of Civil Procedure section 632 *and,* pursuant to Code of Civil Procedure section 634, bring any ambiguities and omissions in the statement of decision to the trial court's attention." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58-59.)  Healy, the only viable appellant here, failed to make a request for a statement of decision, thereby forfeiting the issue on appeal.  (*Khan v. Medical Board* (1993) 12 Cal.App.4th 1834, 1840 (*Khan*).)

Our determination that Healy has forfeited the issue is consistent with settled rules of appellate review.  "'In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court.' (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)  'The party also must cite to the record showing exactly where the objection was made.' (*Ibid.*)  As the California Supreme Court recently reaffirmed, 'a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court.' (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.)  'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.' (*Ibid.*)" (*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 948-949.)  This rule of forfeiture applies with equal weight where a party fails to join in another party's objection.  (*People v. Chism* (2014) 58 Cal.4th 1266, 1293 ["The issue . . . forfeited" where a defendant fails to join in an objection of a codefendant]; *People v. Avila* (2006) 38 Cal.4th 491, 582 [defendant's failure to join in codefendant's request to question a witness on a particular point forfeits the issue on appeal]; *People v. Mitcham* (1992) 1 Cal.4th 1027, 1048 [failure to join in codefendant's motion to sever trials forfeits issue on appeal].)  "'Generally, failure to join in the objection or motion of a codefendant constitutes a waiver of the issue on appeal.' (*People v. Santos* (1994) 30 Cal.App.4th 169, 180, fn. 8; see *People v. Mitcham*[, *supra,*] 1 Cal.4th [at p.] 1048.)" (*People v. Wilson* (2008) 44 Cal.4th 758, 793.)

Healy argues he is entitled to rely on GGR's request for a statement of decision, because nothing in section 632 or rule 3.1950[5] of the California Rules of Court requires each party to request a statement of decision. According the Healy, "the language of both [Code of Civil Procedure section] 632 and California Rules of Court, Rule 3.1590 and overriding judicial policy embodied in the Rule Against Forfeitures support the conclusion that the opposite is true; that *one* party's filing of a [Code of Civil Procedure section] 632 Request is all that is necessary to invoke the trial court's duty to prepare a Statement of Decision, and any party may thus rely on appeal upon the Statement or the Court's failure to []provide one."

Decisional law is contrary to Healy's position. Healy "has no standing to assert error with respect to the" trial court's failure to prepare a statement of decision as requested by GGR. (*Khan*, *supra*, 12 Cal.App.4th at p. 1840.) Healy failed to request a statement of decision, did not join in GGR's request, and did not seek to supplement GGR's request as authorized by section 632 and Rule 3.1590 (e). Healy lacks standing to complain regarding the trial court's failure to provide a statement of decision for GGR.

---

[5] Rule 3.1590 (d) and (e) provides in pertinent part as follows: "Within 10 days after announcement or service of the tentative decision, whichever is later, any party that appeared at trial may request a statement of decision to address the principal controverted issues. The principal controverted issues must be specified in the request. [¶] If a party requests a statement of decision under (d), any other party may make proposals as to the content of the statement of decision within 10 days after the date of request for a statement of decision." All citations to rules are to the California Rules of Court.

## DISPOSITION

The judgment is affirmed.  Michael D. Healy shall pay the costs of Hamid Dehdashty on appeal.


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


MINK. J. *

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.