Filed 4/17/15  Fennell v. Abernathy CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DAVID FENNELL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MARK ABERNATHY et al.,<br><br>    Defendants and Respondents. | A136468<br><br>(San Mateo County<br>Super. Ct. No. CIV492126) |
| DAVID FENNELL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>McCAIN VICTORY 2008 et al.,<br><br>    Defendants and Respondents. | A136469<br><br>(San Mateo County<br>Super. Ct. No. CIV492126) |

**I.**

**INTRODUCTION**

In 2010, David Fennell filed this action alleging various torts and statutory claims arising out of his experience as a volunteer for the California Republican Party.  In September 2011, this court affirmed orders dismissing two groups of defendants from Fennell's case pursuant to Code of Civil Procedure section 425.16 (section 425.16),

1

California's anti-SLAPP statute.  (*Fennell v. California Republican Party* (Sept. 22, 2011, A129558) [nonpub. opn.] 2011 Cal.App.Unpub. LEXIS 7191 (*Fennell I*).)[1]

In 2012, the trial court granted section 425.16 motions to dismiss two additional groups of defendants from this case:  (1) a group of parties named as Doe defendants in the original complaint and subsequently identified by amendments to that complaint (the Doe respondents); and (2) several entity defendants affiliated with the McCain-Palin 2008 election campaign (the McCain-Palin respondents).

Fennell filed two appeals which we consider together in this opinion.  In case number A136468, Fennell appeals an order awarding the Doe respondents attorney fees incurred in connection with their special motion to strike Fennell's complaint.  In case number A136469, Fennell appeals an order granting the McCain-Palin respondents' special motion to strike Fennell's first amended complaint (FAC).  We affirm both orders.

## II.

## STATEMENT OF FACTS

### A.  Background

Fennell filed his original complaint in February 2010.  *Fennell I* contains the following pertinent description of that pleading, which is not in either appellate record:  "Appellant David Douglas Fennell formerly worked as a volunteer for the Republican Party in California, and he claims to have uncovered various problems within that organization, including incompetence, fraud, and corruption.  Fennell contends his efforts to raise these problems internally were met with wrongful acts directed at him and his supporters.  As a result, Fennell sued the California Republican Party and various

---

[1] We take judicial notice of the unpublished decision in *Fennell I*, which contains pertinent factual information not available in the sparse appellate records in the above captioned matters.  (Evid. Code, § 452, subd. (a).)

The factual summaries provided by the parties in these appeals are not useful because they all discuss matters outside the record on appeal and fail to provide any citations for references to matters in the record as required by rule 8.204(a) of the California Rules of Court.

affiliated entities and individuals, alleging various torts and statutory causes of action." (*Fennell I*, *supra*, 2011 Cal.App.Unpub. LEXIS at p. *1.)

On June 1, 2010, a group of defendants that included Meg Whitman, Steve Poizner, Carly Fiorina and Mitt Romney (the Candidate defendants) filed a section 425.16 special motion to strike Fennell's complaint as a SLAPP suit. On June 2, 2010, a second group of defendants which included the California Republican Party and the Republican National Committee (the Republican Party defendants), filed a special motion to strike under the same statute. The trial court granted both motions on August 3, 2010.

On September 22, 2011, a different panel of this court filed its decision in *Fennell I*, affirming the orders granting the special motions to strike filed by the Candidate defendants and the Republican Party defendants. (*Fennell I*, *supra*, 2011 Cal.App.Unpub. LEXIS 7191.) We found, among other things, that (1) all of the causes of action in Fennell's complaint arose out of protected activity (*id*. at pp. *11-*18); and (2) "Fennell's factual showing in opposition to the special motions to strike did not establish a probability, or even a possibility, of success on the merits." (*Id*. at pp. *18-*23.)

**B. The Attorney Fee Order [case number A136468]**

During the first several months of 2011, while *Fennell I* was pending in this court, Fennell filed amendments to his original complaint naming Doe defendants and served or attempted to serve them with a summons and complaint. On June 1, 2011, 31 recently named Doe defendants filed a special motion to strike Fennell's complaint.

On July 29, 2011, the trial court granted the special motion to strike. The court found that the Doe defendants' motion was substantially similar to the section 425.16 motions that had been previously granted by the court; the claims made against these Doe defendants as alleged agents of other defendants whose motions had previously been granted were matters of public interest and involved the exercise of First Amendment rights; and Fennell, who did not file an opposition to the motion, failed to meet his burden of establishing a probability of success on the merits.

3

On February 24, 2012, the California Republican Party filed a motion for attorney fees on behalf the Doe defendants. The trial court granted that motion on April 12. According to the court's minute order, the attorney fee motion was unopposed and no party or counsel of record made an appearance at the hearing. Therefore, the court adopted its tentative ruling to grant the Doe defendants reasonable attorney fees in the amount of $4,264.00, pursuant to section 425.16, subdivision (c) of the anti-SLAPP statute. A formal order granting the attorney fee motion was filed on July 11 and notice of entry of the order was served by mail on July 16, 2012.

### C. The Order Striking Fennell's FAC [case number A136469]

Meanwhile, a group of defendants affiliated with McCain-Palin 2008 election campaign successfully demurred to Fennell's complaint which led to the filing of the FAC in March 2012. On May 18, 2012, the McCain-Palin defendants filed a section 425.16 special motion to strike Fennell's FAC.

On June 29, 2012, the trial court held a hearing on the McCain-Palin defendants' special motion to strike. According to the minute order from that hearing, the motion to strike was unopposed, although Fennell appeared in pro. per. and defense counsel appeared by teleconference. Therefore, the court adopted its tentative ruling to grant the McCain-Palin defendants' motion to strike the FAC, pursuant to findings that (1) all of the claims in the FAC were based on allegations of misconduct within the Republican party and related to campaigns; (2) the McCain-Palin defendants met their initial burden of establishing that the anti-SLAPP statute applied because all of Fennell's causes of action involved conduct in furtherance of First Amendment rights; and (3) Fennell, who did not submit any opposition to the special motion to strike, failed to carry his burden of proving a probability of prevailing on the merits of his claims.

On July 19, 2012, the trial court filed a formal order granting the McCain-Palin defendants' motion to strike Fennell's FAC. Notice of entry of the order was filed and served by mail on July 24, 2012.

# III.

## DISCUSSION

### A.  Case Number A136498—The Attorney Fee Order

Fennell filed a timely appeal from the July 11, 2012 order awarding the Doe respondents attorney fees pursuant to section 425.16, subdivision (c), but his appellant's opening brief does not discuss that order.[2]  Violating several provisions of rule 8.204 of the California Rules of Court, Fennell fails to provide a summary of the significant facts limited to matters in the record, to provide any citations to the record, or indeed, to state the nature of the order that is the subject of this appeal.

Like Fennell, the Doe respondents do not address the appealed attorney fee order. Instead, they rely on evidence outside the appellate record to craft arguments in support of the trial court order granting their section 425.16 special motion to strike Fennell's original complaint.  Fennell appealed the attorney fee order, not the order striking his complaint.

"Section 425.16, subdivision (c) authorizes an award of attorney fees and costs to the prevailing party.  Further, the right of a prevailing defendant to recover attorney fees and costs adequately compensates him for 'the expense of responding to a baseless lawsuit.'  [Citation.]"  (*Conroy v. Spitzer* (1999) 70 Cal.App.4th 1446, 1454-1455.) Here, the record establishes that the Doe respondents were the prevailing defendants on their special motion to strike and, therefore, the motion to award them attorney fees was properly granted.  (§ 425.16, subd. (c).)

### B.  Case Number A136469—The Order Striking the FAC

Fennell's second appeal is from the July 19, 2012 order granting the McCain-Palin respondents' section 425.16 special motion to strike the FAC.  However, Fennell does not discuss the substance of this order in his appellate brief.  Furthermore, the McCain-Palin respondents rely solely on arguments advanced by the Doe respondents in case number

---

[2]  Fennell did not file an appellant's reply brief in either appeal.

5

A136468 (attorney fee appeal), mistakenly assuming that these two appeals raise identical issues.**³**

"Section 425.16 authorizes a defendant to file a special motion to strike any cause of action arising from an act in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue. It establishes a procedure by which the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. [Citations.]" (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1546-1547, fn. omitted.) The purpose of this procedure is to create a mechanism "for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. [Citation.]" (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 315.)

"Section 425.16, subdivision (b)(1) requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 67.)

In the present case, evidence in the appellate record establishes that the trial court engaged in the proper two step inquiry. Normally, we would independently review the trial court's findings under that inquiry. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048,

---

**³** In their respondents' brief, the McCain-Palin respondents request that this court take judicial notice of the Doe respondents' appellate brief in case number A136568. That request is denied.

6

1055.)  However, the record does not contain a copy of the FAC or any other evidence which would enable us to conduct such a review.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.  [Citations.]" (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; see generally Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) [¶] 8:15 et seq., p. 8-5 et seq.)  "The burden of demonstrating error rests on the appellant. [Citation.]" (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) Even when our review is de novo, issues not raised in the appellant's brief "are deemed waived or abandoned.  [Citation.]" (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.)  Applying these rules here, we must affirm the order granting the McCain-Palin respondents' special motion to strike Fennell's FAC.

## IV.

## DISPOSITION

The appealed orders are both affirmed.  In the interests of justice, the parties are to bear their own costs on appeal.


_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
STREETER, J.

7