Filed 11/24/15  de Jonckheere v. City of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| PAUL A. de JONCKHEERE, | |
| Plaintiff and Appellant, | E060733 |
| v. | (Super.Ct.No. RIC1210101) |
| CITY OF RIVERSIDE, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Dallas Holmes, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Paul A. de Jonckheere, in pro. per., for Plaintiff and Appellant.

Cristina L. Talley, City Attorney, and Rebecca L. McKee, Deputy City Attorney, and Aaron L. Chandler, for Defendant and Respondent.

1

I

INTRODUCTION

Paul de Jonckheere, acting in propria persona, appeals from a judgment denying

his petition for writ of mandate, challenging administrative civil penalties issued against

him by the Code Enforcement Division of the City of Riverside for landscaping

maintenance violations. The only issue raised on appeal is the contention that code

enforcement officer, Jon Russey, did not testify. We hold de Jonckheere had no due

process right to call or cross-examine Officer Russey. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

De Jonckheere bought the residence located at 3073 Washington Street, Riverside,

in December 2010. The front yard was already in poor condition and the previous

owners had been cited by Officer Russey about eight times between June 2010 and

December 2010.

On April 17, 2011, Officer Russey issued a notice of violation for

vacant/neglected property, citing issues involving landscape maintenance, weeds, and

vacant/neglected building. (RMC,[1] §§ 6.14.020(B), 6.15.020(B), and 6.11.) Additional

administrative citations of $100, $200, and $500 were imposed by code enforcement

officer, Jana Cook, in June, July, and September 2011 for landscape maintenance. (RMC

---

[1] Riverside Municipal Code.

2

§ 6.14.020(B).) On October 11, 2011, the city issued a notice and order of administrative civil penalties for violation of RMC section 6.14.020(B) for landscape maintenance and imposing a continuing daily penalty of $100. On February 24, 2012, the city submitted a statement of costs in the amount of $1,301.44. A notice of hearing was delivered to de Jonckheere on February 29, 2012.

An administrative hearing was held on March 15, 2012, to determine when and if a code violation existed at the subject property and whether the imposition of civil penalties was warranted. The city was represented by code enforcement officer Cook. De Jonckheere was represented by his lawyer, Michael Reiter.

Photographs taken by the city on November 14, 2011, and January 10, 2012, show the landscaping was not in compliance. Photographs taken on January 17 and March 14, 2012, show the landscaping was in compliance.

De Jonckheere presented 41 pages of documentation, including his 10-page narrative statement and photographs of the property taken between June 2010 and February 2012. Landscaping work began in January 2011. The irrigation system was installed between May and September 2011. Additional work was performed until January 2012. By January 17, 2012, the lawn was seeded and mulched and the sprinklers were operating. The gist of de Jonckheere's defense is that, after he purchased the property in poor condition, he had to replace the irrigation system and restore the front yard's landscaping while working nights and weekends and being hampered by bursitis

3

and diabetes. He believed the city was punishing him for choosing to landscape with grass and not "rock and bark."

Apparently, at the administrative hearing, de Jonckheere also asked to examine Officer Russey, who was not present, and the hearing officer denied the request. Although the administrative record does not contain any reference to this request, de Jonckheere raised the issue repeatedly in the proceedings in the superior court, asserting that he was twice denied his request to have testimony from Russey.

The hearing officer found that the code violation existed and ordered a fine of $100 per day from November 11, 2011, to January 16, 2012, which was the date when compliance was first achieved. The hearing officer also ordered $1,301.44 in administrative costs.

In December 2012, de Jonckheere filed a "Motion for Writ of Mandamus." After a hearing, the trial court issued a written decision denying the writ. The trial court found that the hearing officer did not deny de Jonckheere's due process rights by not permitting him to call or cross-examine Officer Russey as a witness at the administrative hearing. The court also found that there was no actual prejudice: "The fact that Officer Russey initially gave an extension does not mitigate the fact that Petitioner still failed to rectify his violations by that extension date. Also, the violations for which the Petitioner was actually cited were those written up by the successor Code Enforcement Officer [Cook]," who was cross-examined at the hearing.

4

DISCUSSION

We presume the judgment of the trial court is correct.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  De Jonckheere has the burden of demonstrating reversible error with proper legal authority and pertinent factual citations.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)  It must appear more "reasonably probable" that the outcome of the case would have been different in the absence of the alleged error.  (*Daly v. General Motors Corp.* (1978) 20 Cal.3d 725, 746.)

The trial court considered de Jonckheere's written and oral arguments, including his primary assertion that the hearing officer violated his due process rights by failing to allow him to call or cross-examine Officer Russey at the administrative hearing.  The trial court correctly concluded there was no due process right to cross-examine Officer Russey who issued a notice of violation in April 2011, which was irrelevant to subsequent events.

Due process rights are limited in the context of administrative proceedings.  De Jonckheere cites RMC section 1.17.130(D) as authority that he should have been able to call Officer Russey as a witness at the administrative hearing:  "Each party shall have the opportunity to cross-examine witnesses and present evidence in support of his or her case."  Subsection (D) is part of section 1.17.130, which sets forth general procedures for administrative hearings.  Subsection (A) provides, "Administrative hearings are intended

to be informal in nature.  Formal rules of evidence and discovery do not apply."

*Mohilef v. Janovici* (1996) 51 Cal.App.4th 267, involved an administrative proceeding to abate a large bird farm at a private residence.  After the presentation of oral and written evidence of neighbors' complaints, it was determined that the operation of the bird farm adversely affected the health and safety of the surrounding area and the property owners were ordered to reduce the number of birds on their property.  (*Id.* at p. 282.)  The property owners appealed, arguing they were deprived of due process because they were not allowed to cross-examine all of the complaining neighbors.  (*Id.* at p. 299.) The trial court denied the petition for writ of mandamus.  (*Id.* at p. 284.)

On appeal, the court held that due process was satisfied since the city provided the property owners with adequate notice of the nature of the alleged nuisance and with a meaningful opportunity to respond to the charges against them.  (*Mohilef v. Janovici, supra,* 51 Cal.App.4th at p. 299.)  Furthermore, it was not necessary that the property owners receive the full panoply of procedural protections accorded in a judicial trial, such as the ability to cross-examine witnesses, unless an agency acts in bad faith.  (*Id.* at p. 288.)  Substantial weight is given to the agency's good faith judgments of what constitutes a fair hearing.  (*Id.* at pp. 289-300.)  The cross-examination of most or all witnesses would strip the proceeding of its informality and unnecessarily lengthen the hearings.  (*Id.* at p. 301.)  "Balancing the probable value, if any, of a right of cross-examination in administrative nuisance abatement proceedings against the fiscal and

administrative burdens that cross examination would entail [citation], we conclude that such a right is not mandated by the due process clause." (*Id.* at p. 301.)

Officer Russey's only involvement was the issuance of the April 2011 notice, which occurred six months before the issuance of the subject order in October 2011. De Jonckheere failed to bring the property into compliance from June 2011 until January 2012. The hearing officer properly denied the request for Officer Russey's testimony because it was irrelevant. De Jonckheere has failed to demonstrate any reversible error.

De Jonckheere received a fair hearing, including notice and the opportunity to be heard. He cross-examined Officer Cook, who was the city's representative. Officer Cook's testimony about her personal observations at the property supported the code enforcement action from June 2011, until the violation was finally corrected on January 16, 2012.

## IV

## DISPOSITION

We affirm the judgment. In the interests of justice, we order the parties to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON          
J.

We concur:

KING          

7

Acting P. J.

MILLER

                              J.