Filed 1/25/16  Candy P. v. Tyron H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CANDY P., | D068463 |
| Defendant and Appellant, | |
| v. | (Super. Ct. No. ED92287) |
| TYRON H., | |
| Plaintiff and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Darlene White, Commissioner.  Affirmed.

Candy P., in pro. per., for Defendant and Appellant.

Vera Livingstone for Plaintiff and Respondent.

Defendant Candy P. appeals from an order modifying a child custody order.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In May 2014, following a contested child custody hearing between Candy, mother of then-two-year-old Dominic H., and Tyron H., Dominic's father, the court issued an order in which the court (1) awarded joint legal custody to both parents and physical custody to Candy, (2) allowed Candy to move with Dominic to Arizona, and (3) authorized child visitation with Tyron in San Diego on alternate weekends and holidays. In the order, the court expressed concerns Candy's behavior was "borderline harmful" and noted that Candy had room for improvement with respect to cooperating and communicating with Tyron. The court emphasized that if Candy's performance did not improve, it would consider a change of custody to Tyron. The court stated that its ruling did not constitute "a *Montenegro* order."[1]

In October 2014, Tyron brought a motion to modify custody and visitation, contending Candy had been secretive and misleading about her contact information, and had failed to apprise Tyron of Dominic's medical and educational information. After holding a contested hearing, including taking extensive testimony from both parents, the court determined in its May 2015 order that Candy was not communicating or cooperating with Tyron, had not enrolled Dominic in organized day care or preschool, and lacked stability in her residency and employment. The court found Candy's testimony regarding her living and working situations "contradictory, confusing and untruthful." In contrast, the court noted that Tyron had exercised visitation regularly, had

---

[1] *Montenegro v. Diaz* (2001) 26 Cal.4th 249 (*Montenegro*).

2

the ability to meet Dominic's needs, and had a good relationship with him. The court also stated that Tyron had stable employment, a residence, and family in San Diego.

Citing Family Code sections 3011, 3020-3021 and 3040,[2] the court considered the child's best interest, including which parent is better able to meet the child's health, safety and welfare, whether the parents are able to share the child and whether either parent frustrates the child's relationship with the other parent. The court noted that no significant change in circumstances was required to alter custody under *Montenegro.*

The court decided it would be in Dominic's best interest to make "changes in the custodial arrangement, but not to make full changes in custody." The court determined that Candy should not retain sole physical custody and determined an equal parenting arrangement was appropriate, with each parent having custody during alternating weeks. The court considered the travel required and noted that the amount of travel and the number of exchanges would remain unchanged. The court acknowledged that this new order would necessitate Dominic's longer absences from Candy and his attendance at two separate preschools. The court also recognized the need to modify the custody arrangement in a few years when Dominic enters kindergarten. The court stated that this ruling also did not constitute "a *Montenegro* order."

---

[2]     These sections of the Family Code require the court to ascertain the best interest of the child. (See also *Montenegro, supra*, 26 Cal.4th at p. 256.)

DISCUSSION

A. *Jurisdiction*

In response to Candy's appeal, Tyron contends that this temporary child custody order is not appealable. Although there is some authority supporting this proposition (see *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559), we chose to follow this court's decision in *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1378 (*Enrique M.*) holding that a contested child custody order is appealable. Here, the original order after the contested hearing determined the issues and provided the parties notice of their rights and responsibilities. On appeal we address a request to modify the previous custody order, which, as in *Enrique M.*, has met the necessary requisites for review at this time. (*Ibid.*) (See also *Montenegro*, *supra*, 26 Cal.4th at p. 259 [providing review from an appeal in a fluid child custody dispute following an adversarial hearing where the custody order at issue would require reevaluation in a few years when the child entered kindergarten].)

We conclude that this court has jurisdiction to review this disputed child custody order on appeal.

B. *Standard for Review of the Order Changing Physical Custody*

Candy contends changing custody of Dominic from her sole physical custody to shared physical custody with Tyron should have required a significant change in circumstances. We disagree.

" 'The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test.' [Citation.] Under this test, we must uphold the trial

4

court 'ruling if it is correct on any basis, regardless of whether such basis was actually invoked.' " (*Montenegro, supra*, 26 Cal 4th at p. 255.)

It is a fundamental proposition that a judgment or order is presumed correct on appeal. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 (*Arceneaux*).) It is the burden of a party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

Candy has not provided any reporter's transcript of the proceedings. In the absence of a reporter's transcript or other record of the oral proceedings in the trial court, the appeal is treated on the judgment roll. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.) We therefore treat this as an appeal "on the judgment roll," to which the following rules apply: "Error must be affirmatively shown by the record and will not be presumed on appeal [citation]; the validity of the judgment on its face may be determined by looking only to the matters constituting part of the judgment roll [citation]; where no error appears on the face of a judgment roll record, all intendments and presumptions must be in support of the judgment [citation]; the sufficiency of the evidence to support the findings is not open to consideration by a reviewing court [citation]; and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it [citation]." (*Ford v. State of California* (1981) 116 Cal.App.3d 507, 514; Cal. Rules of Court, rule 8.163.) Although Candy is representing herself in propria persona, she is not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the

5

same, but no greater consideration than other litigants having attorneys. (*Nwusu v. Uba.* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Based on this record, Candy has not demonstrated that the court was required to apply the changed circumstances standard with respect to the challenged order. The changed circumstances variation on the best interest standard only applies after the court has previously made a *final* judicial custody order. (*Montenegro, supra*, 26 Cal.4th at p. 256.) In *Montenegro,* a child custody case involving fluid circumstances similar to those in this case, the Supreme Court ruled even where detailed visitation schedules had been established by "final" stipulation of the parties, no significant change in circumstance was required for a modification of a custody order, and best interest of the child was the appropriate standard. The court also considered the need for another change in the custody order in a few years when the child entered kindergarten to be a factor showing the challenged custody order was not truly final. (*Id.* at p. 259.)

The record in this case demonstrates that the order Candy is challenging is similarly not a final custody order. The trial court expressly stated when making both orders that it reserved the right to alter the custody arrangement, and a further change would be needed in a few years when Dominic entered kindergarten. In addition, the court specifically stated its orders were not "*Montenegro*" orders, implying that the orders were not to be considered final custody determinations under the authority of

6

*Montenegro, supra*, 26 Cal.4th at page 256.[3]  Under these circumstances, because no final custody order had been made, *Montenegro* counsels that the best interest of the child standard applies, not the significant changed circumstance standard.

Based on the judgment roll record in this case, we therefore conclude the trial court did not abuse its discretion when it applied the best interest of the child standard.

 C. *Exchange Location, Time Zone Selection, and Elimination of the No Drinking Order*

Candy requests this court alter exchange locations set by the trial court, reverse the trial court's determination that California time should apply for the exchanges of the child, and reinstate the no drinking order.

In the absence of any record regarding the evidence before the court on these issues, we must assume the trial court's reasoning was correct and therefore affirm its order.  (See *Arceneaux, supra,* 51 Cal.3d at p. 1133.)

---

3    Based on our reading of *Montenegro,* we understand the trial court's reference to "not a *Montenegro* order" as meaning that the order at issue was not intended by the court to be a "final" or "permanent" judicial custody determination.  For the benefit of the litigants (many of whom are self-represented), counsel, and even reviewing appellate courts, the trial court may want to consider using more explicit, readily understandable wording such as "final" or "permanent" when discussing the legal effect of its ruling.

DISPOSITION

The order is affirmed.

PRAGER, J.*

WE CONCUR:


BENKE, Acting P. J.


AARON, J.

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.